UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TEDDY VOLKSWAGEN OF THE BRONX, LLC,

          Plaintiff,

  -against-

PHILLIP DEMERSKY,

          Defendant.
------------------------------------------------------------------X

**Case No.:**

**COMPLAINT**

Plaintiff Teddy Volkswagen of the Bronx, LLC (hereinafter the "Dealership" or the "Plaintiff"), by its attorneys, Milman Labuda Law Group PLLC, alleges for its Complaint herein as follows:

## NATURE OF THE ACTION

1. This is an action for violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030, *et seq.*, and for violation of the faithless servant doctrine under New York State law, as well as claims for breach of fiduciary duty and breach of the duty of loyalty under New York State law.

## THE PARTIES

2. Plaintiff is a domestic limited liability company organized under the laws of the State of New York.

3. Defendant is an individual residing in Rockland County, New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to this action occurred in this district.

## FACTS

6.      At all relevant times, Plaintiff owned and operated a dealership located in Bronx County, New York.

7.      At all relevant times, Defendant was employed by the Plaintiff as a general manager until on or about July 23, 2018.

8.      As the general manager, Defendant's duties included overseeing the operations of the Dealership, dealing with customers, managing employees, dealing with Dealership transactions, and otherwise running the day to day operations at the Dealership.

9.      After Defendant separated from his employment in July 2018, the Dealership uncovered approximately fifty (50) vehicle purchases in which maintenance contracts were sold but were never "booked in" to the deal, resulting in the customer's receipt of a benefit for which the Dealership received no compensation for.

10.     The Defendant was responsible for ensuring that each deal was properly accounted for.

11.     Plaintiff was damaged by Defendant's issuance of maintenance contracts without receiving payment therefor, and Plaintiff is further damaged by the amount of money it will cost to honor any such maintenance contracts with customers.

12.     In addition, the Dealership discovered that Defendant misappropriated "Dealer Cash" by inappropriately logging into Volkswagen's system by remotely logging into Plaintiff's computer system without authorization after his separation from employment with the Plaintiff.

13. Defendant misappropriated the Dealer Cash by directing its deposit to an account other than the Dealership's, which amounts to theft.

14. To date, Plaintiff has uncovered evidence that Defendant engaged in the foregoing transactions on at least eight (8) separate occasions; namely, on February 19, 2018, March 9, 2018, April 11, 2018, May 9, 2018, June 8, 2018, July 11, 2018, August 8, 2018, and September 10, 2018.

15. Moreover, Defendant learned that Plaintiff paid bills for his father's body shop through the Dealership by submitting invoices for work that was never performed on behalf of the Dealership.

16. To date, Defendant uncovered approximately $4,000.00 in payments to Plaintiff's father's body shop which was unlawfully stolen by Plaintiff from the Dealership.

17. Defendant engaged in the foregoing illegal and improper conduct during the course of his regular work hours for Plaintiff, except for his misappropriation of the Dealer Cash, which occurred after he separated from employment with the Plaintiff.

## COUNT I
**(Violation of the Computer Fraud & Abuse Act, 18 U.S.C. §§ 1030, *et seq.*)**

18. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

19. Plaintiff's computer systems were at all relevant times used in interstate commerce and communication and are thus "protected computers" under 18 U.S.C. § 1030(e)(2).

20. Upon information and belief, in violation of 18 U.S.C. § 1030(a)(4), Defendant has deliberately and without authorization accessed Plaintiff's computers for the purpose of misappropriating Dealership assets.

21. The access of Plaintiff's computer was unauthorized on account of the fact that Defendant was separated from his employment with Plaintiff at the time he accessed Plaintiff's computer and was thus impermissible and otherwise exceeded the scope of authorized use of such computer and software in violation of 18 U.S.C. § 1030(a)(4).

22. Upon information and belief, Defendant knowingly caused the transmission of a program, information, code or command, and as a result of such conduct, recklessly and intentionally caused damage without authorization, and/or intentionally accessed a protected computer without authorization, and as a result of such conduct, caused damage and loss, in violation of 18 U.S.C. §§ 1030(a)(5)(A)-(C).

23. By reason of the foregoing, Plaintiff was damaged in an amount to be proved at trial, but well in excess of the statutorily required minimum in any one (1) year period.

## COUNT II
**(Breach of Fiduciary Duty under New York State Law)**

24. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

25. Defendant was employed at the Dealership in a position of trust and confidence.

26. As an employee of the Dealership, Defendant owed the Plaintiff a fiduciary duty of loyalty and honesty; by virtue of these duties, Defendant was prohibited from acting in a disloyal manner or in any way inconsistent with that fiduciary relationship.

27. Defendant's aforesaid conduct of issuing customers maintenance contracts without receiving payment therefor to the Dealership constitutes a breach of the fiduciary duty owed to the Plaintiff.

28. As a consequence of Defendant's foregoing intentional breach of his fiduciary duty to the Dealership, Plaintiff has been injured, for which it is entitled to recover damages including – but not limited to – financial loss, loss of good will and reputation, compensatory and special damages, interest, and punitive damages in an amount as the proof at a trial may warrant.

## COUNT III
### (Breach of the Duty of Loyalty under New York State Law)

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

30. Defendant was employed by the Dealership in a position of trust and confidence.

31. As an employee of the Dealership, Defendant owed the Plaintiff a duty of loyalty and honesty; by virtue of these duties, Defendant was prohibited from acting in a disloyal manner, or in any way inconsistent with the employment relationship.

32. Defendant's aforesaid conduct of issuing customers maintenance contracts without receiving payment therefor to the Dealership constitutes a breach of duty of loyalty owed to the Plaintiff.

33. As a consequence of Defendant's foregoing intentional breach of his duty of loyalty to the Dealership, Plaintiff has been injured, for which it is entitled to recover damages including – but not limited to – financial loss, loss of good will and reputation, compensatory and special damages, interest, and punitive damages in an amount as the proof at a trial may warrant.

## COUNT IV
### (Violation of Faithless Servant Doctrine under New York State Law)

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

35. Defendant was employed by the Dealership in a position of trust and confidence.

36. As an employee of the Dealership, Defendant owed Plaintiff a duty of loyalty, honesty, and fidelity; by virtue of these duties, Defendant was prohibited from acting in a disloyal manner or in any way inconsistent with that trust relationship.

37. Pursuant to the faithless servant doctrine, Defendant was obligated to be loyal to the Dealership and was prohibited from acting in a manner inconsistent with his agency or trust and was bound to exercise the utmost good faith and loyalty in the performance of his duties.

38. Defendant's aforesaid conduct of issuing customers maintenance contracts without receiving payment therefor to the Dealership constitutes conduct rising to the level of a cause of action pursuant to the faithless servant doctrine.

39. Defendant's conduct was related to the performance of his duties.

40. Defendant's disloyalty permeated his services in its most material and substantial part.

41. As a consequence of Defendant's conduct, which constitutes a cause of action pursuant to the faithless servant doctrine, Plaintiff has been injured, for which it is entitled to recover damages including – but not limited to – the return of wages, bonuses, and other compensation paid to Defendant, financial loss, loss of good will and reputation, compensatory and special damages, interest, and punitive damages in an amount as the proof at a trial may warrant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. Judgment granting all of Plaintiff's claims in their entirety and awarding damages including – but not limited to – repayment of all wages, bonuses, and other compensation paid to the Defendant, financial loss, loss of good will and reputation, compensatory and special/consequential/incidental damages;

b. An Order declaring that Defendant is liable for any damages that Plaintiff suffered as a result of the unauthorized use of Plaintiff's computer system;

c. Punitive damages;

d. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

e. Costs and fees incurred including attorneys' fees and experts' fees and costs to the extent permitted by law; and

f. Such other and further relief as this Court deems just and proper.

Dated: Lake Success, New York
March 15, 2019

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Robert F. Milman, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
rob@mllaborlaw.com
emanuel@mllaborlaw.com