UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TEDDY VOLKSWAGEN OF THE BRONX, LLC,   **Case No.:**
                                      1:19-cv-2337 (AJN) (SN)
          Plaintiff,

-against-

PHILLIP DEMERSKY,

          Defendant.
------------------------------------------------------------X

## STIPULATION AND ORDER OF CONFIDENTIALITY

WHEREAS information and documents sought in connection with discovery, subpoenas, and trial subpoenas in this matter may contain confidential, competitively sensitive, financial, personal and private, and/or proprietary information; and

WHEREAS, it has been determined by and between Plaintiff Teddy Volkswagen of the Bronx LLC (hereinafter "Plaintiff," the "Dealership," or "Teddy") and Defendant Phillip Demersky (hereinafter "Defendant," the "Employee," or "Demersky") (collectively the "Parties") that there is a need to protect the confidentiality of certain documents and information; and

WHEREAS, the Parties also want to afford confidentiality protection to non-parties whose documents and information may be produced during the course of the matter;

IT IS THEREFORE STIPULATED AND AGREED by and between the Parties and their respective counsel that:

1. This Stipulation and Order of Confidentiality ("Stipulation") shall govern the treatment of all material and information designated as "Confidential" (as set forth in Paragraph 4 below), including but not limited to, documents, discovery responses, motions, affidavits, transcripts, exhibits, briefs, materials that quote, summarize, or contain information entitled to protection, and any other confidential materials or portions thereof which a Party or producing non-party ("Designating Party") in good faith designates as Confidential because such documents or information constitutes or includes non-public (a) proprietary or commercially sensitive information, (b) information to be maintained as confidential pursuant to agreements with third parties or as required by law, (c) financial information, and/or (d) personally sensitive information.

2. The term "Confidential Information" shall mean all documents, information, or testimony, and all information contained therein, and other information designated as confidential, if such documents, information, or testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party or non-party designating the material as confidential, be detrimental to the conduct of the party or non-party's business or the business of any of that party's customers or clients. For purposes of this Stipulation, the term "document" means all written, recorded, electronic, computerized, or graphic material, whether produced or created by a Party, producing non-party or another person, and whether produced pursuant to demands or subpoenas served in this Proceeding, by agreement, by Order of the Court, or otherwise.

3. Documents to be designated "Confidential" shall be stamped or be affixed with the legend "Confidential."

4. The following individuals are authorized to receive documents and information designated as Confidential in this matter: (a) attorneys and legal support staff of counsel for the Parties; (b) the Parties' in-house counsel and staff; (c) officers of the Parties; (d) any potential witnesses for either party, including expert witnesses retained by either party; (e) any experts and/or consultants hired in connection with this matter, who will not testify; (f) any producing non-party, (g) attorneys and legal support staff of counsel for the producing non-party; (h) court reporter(s) employed by either or both of the Parties; (i) the Court and any personnel of the Court; (j) any other person(s) as to whom the Parties in writing mutually agree; and/or (k) anyone else that the Court authorizes for good cause shown.

5. In the event that any person not a party to this Stipulation (or an employee, affiliate, or contractor of any party) is to receive or otherwise review any confidential documents, such person must be advised of the confidential nature of the information and that he or she is not permitted to disclose the contents of that information outside the context of the litigation, and will sign a notice of acknowledgment of this Stipulation and agree to be bound by its terms, in the form annexed hereto as Exhibit A. A party agreeing to be bound by this Stipulation who later discloses the information to an outside party shall be responsible for any improper use of the Confidential information.

6. The parties agree that the Confidential Information shall be used solely for preparation, hearing, settlement, or trial of this litigation (including any subsequent appeals), and shall not disclose or use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, except where such disclosure or use is made pursuant to subpoena or the order or directive of a court of competent

jurisdiction, as to which notice to the Designating Party shall be promptly provided, so that such Designating Party has a reasonable opportunity to appear and/or object to such disclosure.

7. The Parties shall agree to take all reasonable steps to ensure the confidentiality of the information so-designated in this litigation.

8. No Party concedes that any material designated by the other Party or non-party as Confidential does, in fact, contain or reflect Confidential Information, or has properly been designated as Confidential Information. Neither shall a Party be obligated to challenge the propriety of the designation of information as Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereof so long as the challenge is thereafter promptly made. If a Party desires, at any time, non-confidential treatment for materials or information designated as Confidential, it shall send or give notice to the Designating Party, and they shall attempt to resolve any dispute in good faith on an expedited and informal basis.

9. If the dispute cannot be expeditiously and informally resolved, either Party may request that the Court issue an Order resolving the dispute, with the Party seeking to establish confidentiality having the burden of proof. Until then, the information in use shall continue to be treated as Confidential, until the Court orders otherwise.

10. Subject to any applicable rules of evidence, or rulings by the Court, Confidential Information may be offered in evidence at any hearing, proceeding, or trial in this litigation.

11. The provisions of this Stipulation shall survive and remain in full force and effect beyond the final conclusion of this action, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties.

12. In the event that any information subject to a claim of attorney-client privilege, attorney work product or other ground upon which production should not have been made is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of such privilege or objection. If a claim of inadvertent production is made with respect to documents or information then in the custody of another party, such party shall promptly return the information to the claiming party and the receiving party shall not use such information for any purpose other than in connection with an application to the Court to compel production of such material (which motion shall be made under seal), and said motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

13. The failure of any Designating Party to designate documents as Confidential at the time that they were furnished or made available shall not be deemed a waiver of that Designating Party's right to seek to assert its entitlement to make or to remove or to alter such designation at any time thereafter; provided, however, that such designation or alteration shall be without prejudice to the right of any other party to challenge that designation or alteration. Should a Designating Party redesignate materials, any previous disclosure of such materials consistent with their prior designation shall not constitute a violation of this Stipulation and Order of Confidentiality. Redesignation shall bind only parties having notice of such redesignation.

14. Within sixty (60) days after the conclusion of this matter, including all possible appeals, all written materials, other than work product, containing confidential information disclosed in this matter and that is in the possession, custody, or control of the receiving party or its agents shall be either returned to counsel of the party that produced the

information or destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Stipulation.

15. Any person or entity which is not a party to this litigation and which is producing documents or information in connection with the litigation (a "producing non-party") may submit a written notice to counsel for the Plaintiff and counsel for Defendant stating that the documents and information it is producing shall be covered by this Stipulation and shall be treated as if produced by a party. The producing non-party shall have all rights of a Designating Party under this Stipulation, provided however that nothing contained herein shall it waive or limit in any way the right of the producing non-party to seek judicial relief including a protective order.

16. This Stipulation may be modified only by further written agreement executed by the parties hereto or by Order of the Court.

17. This Stipulation shall be binding on the Parties as well as all other persons having knowledge of its terms.

18. In the event of a breach of this Stipulation, by any party or any other person, it is hereby agreed that any such breach will cause irreparable harm not susceptible of easy proof and that, in addition to all other remedies available under this Stipulation and at law, any breach of this Stipulation, which is so determined by the Court, shall entitle the non-breaching parties, including a producing non-party, to equitable relief, including injunctive relief.

19. This Stipulation may be signed in counterpart, and each copy shall be deemed an original, and the signatures from the respective counsel and parties may be sent via email.

Dated: Lake Success, New York
October 4, 2019

Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042-1073
(516) 328-8899

*Counsel for Plaintiff*

Dated: Florida, New York
October 4, 2019

Joseph J. Ranni, Esq.
Ranni Law Firm
148 North Main Street
Florida, New York 10921-1101
(845) 651-0999

*Counsel for Defendant*

Dated: New York, New York
~~October~~ Nov 21, 2019

SO ORDERED

/s/ AJN

Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant.
SO ORDERED.  AJN