UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 TEDDY VOLKSWAGEN OF THE BRONX, LLC,

                            **Case No.:** 1:19-cv-2337 (AJN) (SN)

                Plaintiff,

      -against-

 PHILLIP DEMERSKY,

                Defendant.
------------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS FOR DEFENDANT'S SOLE COUNTERCLAIM AGAINST PLAINTIFF FOR ABUSE OF PROCESS

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 1

**FACTS** ................................................................................................................................ 2

**STANDARD OF REVIEW** ............................................................................................... 3

**ARGUMENT** ...................................................................................................................... 5

      **DEFENDANT'S COUNTERCLAIM MUST BE DISMISSED** ........................... 5

**CONCLUSION** ................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

Anschutz Corp. v. Merrill Lynch & Co.,
 690 F.3d 98 (2d Cir. 2012) ..................................................................................................4

Art Capital Group, LLC v. Rose,
 2017 N.Y. App. Div. LEXIS 2670 (1st Dept. Apr. 6, 2017). ........................................7 n. 1

ASARCO LLC v. Goodwin,
 756 F.3d 191 (2d Cir. 2014) ................................................................................................5

ASARCO LLC v. Goodwin,
 135 S. Ct. 715 (2014) ..........................................................................................................5

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ............................................................................................................4

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544 (2007) .......................................................................................................4, 5

Burnette v. Carothers,
 192 F.3d 52 (2d Cir. 1999)..................................................................................................4

Chambers v. Time Warner, Inc.,
 282 F.3d 147 (2d Cir. 2002)................................................................................................5

Cleveland v. Caplaw Enterprises,
 448 F.3d 518 (2d Cir. 2006)................................................................................................4

Cook v. Sheldon,
 41 F.3d 73 (2d Cir. 1994) ...............................................................................................5, 6

Curiano v. Suozzi,
 63 N.Y.2d 113 (1984)..........................................................................................................6

Douglas v. City of New York,
 595 F. Supp. 2d 333 (S.D.N.Y. 2009) .................................................................................6

Elek v. Inc. Vill. of Monroe,
 No. 08-CIV.-08928, 2011 WL 4472027 (S.D.N.Y. Sept. 27, 2011)...................................6

Gebhardt v. Allspect, Inc.,
 96 F. Supp. 2d 331 (S.D.N.Y. 2000) ...................................................................................5

Goldman v Citicore I, LLC,
    149 A.D.3d 1042 (2d Dept. 2017).............................................................................6, 7

Kraft v. City of New York,
    696 F. Supp. 2d 403 (S.D.N.Y. 2010) ............................................................................6

Kraft v. City of New York,
    441 Fed. Appx. 24 (2d Cir. 2011) ..................................................................................6

Lopez v. City of New York,
    901 F. Supp. 684 (S.D.N.Y. 1995)..................................................................................6

Menella v. Office of Court Admin.,
    938 F. Supp. 128 (E.D.N.Y. 1996)..................................................................................4

Menella v. Office of Court Admin.,
    264 F.3d 618 (2d Cir. 1998) ...........................................................................................4

Muro-Light v. Farley,
    95 A.D.3d 846 (2d Dept. 2012).................................................................................6, 7

Patel v. Contemporary Classics of Beverly Hills,
    259 F.3d 123 (2d Cir. 2001)...........................................................................................4

Ross v. Port Chester Hous. Auth.,
    17-CIV.-4770 (NSR), 2019 WL 4738941 (S.D.N.Y. Sep. 27, 2019) ...................................5

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003) ............................................................................................6

Sellers v. M.C. Floor Crafters, Inc.,
    842 F.2d 639 (2d Cir. 1988)……………………………..……………………………….4

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236 (2d Cir. 2002).............................................................................................5

**Rules**

Fed. R. Civ. P. 12.............................................................................................................4, 5

**PRELIMINARY STATEMENT**

Plaintiff Teddy Volkswagen of the Bronx, LLC (hereinafter the "Plaintiff" or the "Dealership") submits this motion for judgment on the pleadings on the ground that the Defendant Phillip Demersky's (hereinafter the "Defendant," "Demersky," or the "General Manager") counterclaim for abuse of process fails to state a claim for relief.

Plaintiff respectfully submits that its action was properly filed to seek redress for Defendant's unlawful thievery. Indeed, following Demersky's separation from employment with the Dealership, the Plaintiff uncovered various schemes developed by Demersky to loot the Dealership of monies to which he was never entitled to. To that end, his counterclaim is baffling.

Specifically, other than admissions that he resides in Rockland County, New York, that Plaintiff owned and operated a dealership in Bronx County, New York, and that Defendant was employed by the Plaintiff as a general manager until on or about July 23, 2018, Defendant's sole allegations in support of his counterclaim for abuse of process are: (i) Plaintiff initiated the instant action to cause Defendant to compel Plaint [*sic*] to forgo [*sic*] his legal rights as having been an employee at will and compel Defendant to cease and desist from lawful conduct concerning his subsequent employment; infringe on his right to contract and perform lawful duties concerning subsequent employment; and otherwise infringe on Plaintiff's civil rights; and (ii) Plaintiff's motivation was to harm Defendant economically and socially without justification and seeking an improper collateral benefit and cause Plaintiff detriment which are [*sic*] outside the legitimate ends of appropriate use of process. These allegations do not state a claim for relief for abuse of process, and Defendant's counterclaim must thus be dismissed.

First, the institution of a civil action by summons and complaint is not legally considered process capable of being abused.

Second, Defendant has not pled nor uncovered any collateral objective outside the legitimate ends of process as required to state a claim for relief on his abuse of process counterclaim. As a result, Defendants are entitled to judgment on the pleadings dismissing the Defendant's counterclaim for abuse of process asserted in his answer.

This simple and straightforward case should focus solely on one (1) issue: Defendant's liability to the Plaintiff for his plundering and purloining the Dealership of money to which Defendant was never entitled.

For the foregoing reasons, and those discussed further below, this Court should dismiss Defendant's counterclaim for abuse of process.

## **FACTS**

On March 15, 2019, this action was commenced against Defendant alleging violations of the Computer Fraud and Abuse Act ("CFAA") and related state law claims for breach of fiduciary duty, breach of duty of loyalty, and violation of the faithless servant doctrine under New York State law. See Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") at ¶ 3, Ex. A at ¶¶ 18-41.

In the Complaint, Plaintiff alleges, in relevant part, that in the course of Defendant's duties as general manager for the Dealership (a position of trust), Defendant: (i) misappropriated "Dealer Cash" by logging in to Volkswagen's system without authorization after his separation from employment with the Plaintiff; (ii) issued maintenance contracts without receiving payment therefor nor ensuring every deal was properly accounted for; and (iii) paid bills for his father's body shop through the Dealership by submitting invoices for work that was never performed on behalf of the Dealership. Id. at ¶¶ 6-17.

2

Defendant filed an answer denying every allegation except to admit that he resides in Rockland County, New York, that Plaintiff owned and operated a dealership in Bronx County, New York, and that Defendant was employed by the Plaintiff as a general manager until on or about July 23, 2018 and to assert a counterclaim for abuse of process.  See Kataev Decl. at ¶ 4, Ex. B at ¶¶ 3, 6-7, 42-44.  In support of his counterclaim, Defendant conclusorily attempts to recite the elements of an abuse of process claim without any factual support whatsoever.  Id. at ¶¶ 43-44 ("Plaintiff initiated the instant action to cause Defendant to compel Plaint [*sic*] to forgo [*sic*] his legal rights as having been an employee at will and compel Defendant to cease and desist from lawful conduct concerning his subsequent employment; infringe on his right to contract and perform lawful duties concerning subsequent employment; and otherwise infringe on Plaintiff's civil rights;" and "Plaintiff's motivation was to harm Defendant economically and socially without justification and seeking an improper collateral benefit and cause Plaintiff detriment which are [*sic*] outside the legitimate ends of appropriate use of process").

These allegations are meaningless in light of the fact that Plaintiff seeks no relief from Defendant on account of his subsequent employment, and all of Plaintiff's claims center around Defendant's theft of monies from the Dealership both during and after his employment with the Plaintiff.  Indeed, Defendant offers no factual details concerning how Plaintiff's institution of this action has anything to do with his subsequent employment.  Perhaps tellingly, Defendant does not even bother alleging the alleged damages he suffered, specifically with respect to his subsequent employment, as a result of this case being filed against him.  The glaring absence of facts sufficient to put Plaintiff on notice of Defendant's counterclaim and otherwise state a claim for abuse of process – the requirements for which are outlined further below – requires the Court to grant Plaintiff's motion for judgment on the pleadings.

**STANDARD OF REVIEW**

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed ... a party may move for judgment on the pleadings." See Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only where all material facts are undisputed and, "a judgment on the merits is possible merely by considering the contents of the pleadings." See Mennella v. Office of Court Admin., 938 F. Supp. 128, 131 (E.D.N.Y. 1996), aff'd, 164 F.3d 618 (2d Cir. 1998) (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)). A court may also convert a motion for judgment on the pleadings into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court.'" See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).

In all other respects, a motion brought pursuant to Rule 12(c) is analyzed under the same standard applicable to a motion under Rule 12(b)(6). See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); see also Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim has "facial plausibility" only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusion." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will [therefore] not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)) (internal citation and quotation marks omitted in original).

Although the complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S. at 678. Nor will a pleader's "formulaic recitation of the elements of a cause of action" be considered adequate to overcome a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555. While the Court must limit itself to the facts alleged in the complaint and any documents attached to the complaint as exhibits or incorporated by reference therein, Courts may also look to matters of which judicial notice may be taken in determining a motion for judgment on the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014).

The counterclaim in this case falls woefully short of properly pleading that the Plaintiff's lawsuit against Defendant constitutes an abuse of process. As a result, Defendant's counterclaim must be dismissed, and Plaintiff is entitled to judgment on the pleadings.

## ARGUMENT

### DEFENDANT'S COUNTERCLAIM MUST BE DISMISSED

A cause of action for abuse of process lies against a party who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. See Ross v. Port Chester Hous. Auth., 17-CIV.-4770 (NSR), 2019 WL 4738941, at *5 (S.D.N.Y. Sep. 27, 2019) (citing Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994)).

5

Critically, "[t]he institution of a civil action by summons and complaint is not legally considered process capable of being abused." See Goldman v Citicore I, LLC, 149 A.D.3d 1042 (2d Dept. 2017) (dismissing abuse of process counterclaim that alleged that the lawsuit was initiated with the intent to harm the defendants, knowing that the brokerage community would find out about the lawsuit, which would damage the defendants' ability to do business in that community because, *inter alia*, a civil action by summons and complaint is not legally considered process capable of being abused); see also Muro-Light v. Farley, 95 A.D.3d 846, 847 (2d Dept. 2012) (same).

The "gist" of this tort is "the improper use of process after it is regularly issued." See Sheldon, 41 F.3d at 80. "The pursuit of a collateral objective must occur after the process is issued; the mere act of issuing process does not give rise to a claim." See Elek v. Inc. Vill. of Monroe, No. 08-CIV.-08928, 2011 WL 4472027, at *7 (S.D.N.Y. Sept. 27, 2011) (quoting Lopez v. City of New York, 901 F. Supp. 684, 691 (S.D.N.Y. 1995)).

However, "[a] malicious motive alone ... does not give rise to a cause of action for abuse of process." See Curiano v. Suozzi, 63 N.Y.2d 113, 117 (1984). "The crux of a malicious abuse of process claim is the collateral objective element." See Kraft v. City of New York, 696 F. Supp. 2d 403, 416 (S.D.N.Y. 2010), aff'd, 441 Fed. App'x 24 (2d Cir. 2011). To satisfy this element, "a [defendant] must prove not that defendant acted with an improper motive, but rather an improper purpose – that is, 'he must claim that [the plaintiff] aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution [or, in this case, civil lawsuit].'" See Douglas v. City of New York, 595 F. Supp. 2d 333, 344 (S.D.N.Y. 2009) (citing Savino v. City of New York, 331 F.3d 63, 77 (2d Cir. 2003)). Thus, "a plaintiff must establish that the [plaintiff] had an improper purpose in instigating the action." See Savino, 331 F.3d at 77.

Defendant's counterclaim must be dismissed for several reasons.

First, Plaintiff's civil action by summons and complaint is not legally considered process capable of being abused. See Goldman, 149 A.D.3d 1042; see also Muro-Light, 95 A.D.3d at 847. Plaintiff is justified in filing this civil lawsuit to obtain a judgment for the monies stolen.

Second, there is no allegation that the plaintiff improperly used process after it was issued. Indeed, the only and primary objective is to secure and obtain the money Defendant stole from the Dealership. Indeed, the only and primary objective is to secure and obtain the money Defendant stole from the Dealership.

Third, there are no allegations of an attempt to compel performance or forbearance of any act (other than to pay Plaintiff back the value of the money stolen by Defendant from the Dealership).

Finally, Defendant's allegations in support of his counterclaim fail to set forth any collateral objective sought by Plaintiff in filing this case. This is because Defendant cannot do so, as all Plaintiff seeks in this case is judgment on its claims against Defendant including: (i) an award of damages, including – but not limited to – repayment of all wages, bonuses, and compensation paid to the Defendant,[1] financial loss, loss of good will and reputation, compensatory and special/consequential/incidental damages; (ii) an Order declaring that Defendant is liable for any damages as a result of the unauthorized use of Plaintiff's computer system; (iii) punitive damages; (iv) prejudgment and post-judgment interest; (v) costs and fees; and (vi) such other and further relief as this Court deems just and proper. See Kataev Decl. Ex. A at 7.

---

[1] Under the faithless servant doctrine, a prevailing party for such a claim is awarded disgorgement of all compensation paid by the employer. See Art Capital Group, LLC v. Rose, 2017 N.Y. App. Div. LEXIS 2670 (1st Dept. Apr. 6, 2017).

Defendant cannot establish in any way, shape, or form that Plaintiff's lawsuit against him is an abuse of process. It is a meritless and frivolous reactive counterclaim that must be dismissed as it fails to state a claim. Accordingly, this Court must dismiss Defendant's counterclaim for abuse of process and grant Plaintiff judgment on the pleadings.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully submits that the Court should issue an Order granting Plaintiff judgment on the pleadings for Defendant's counterclaim for abuse of process and for such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
       February 5, 2020

**MILMAN LABUDA LAW GROUP PLLC**

By: /s   Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*

**VIA ECF**
Ranni Law Firm
Attn: Joseph J. Ranni, Esq.
148 North Main Street
Florida, NY 10921-1101
joeranni@rannilaw.com