USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TEDDY VOLKSWAGON OF THE BRONX, LLC,

                    Plaintiff,                    19-CV-2337 (AJN)(SN)

      -against-                               **ORDER**

PHILLIP DEMERSKY,

                    Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       In a letter dated February 6, 2020, Plaintiff challenges Defendant's responses and objections to certain Request for Admission. The Court rules as follows:

1. **Request No. 2.** Defendant objects on the grounds that the terms "overseeing" and "operations" are vague. Defendant's objection is overruled in part. Defendant shall replace the term "overseeing" with "supervising." The "operations of the Plaintiff" is reasonably interpreted to mean the Plaintiff's business. Defendant must supplement his response within one week.

2. **Request No. 5.** Defendant objects on the grounds that the terms "ensuring" and "properly documented" are vague. Defendant's objection is overruled in part. Defendant shall admit or deny the following: In your capacity as General Manager for Plaintiff, You were responsible for making sure that each sale was documented according to Plaintiff's policies and/or protocols. Defendant must supplement his response within one week.

3. **Request Nos. 6-14.** Defendant denies each of these Requests for Admission while simultaneously stating that the Requests are vague as to what the terms "access" or "accessed" means. In the context of logging into a computer program, the words "access" or "accessed" are commonly understood to mean to enter the program electronically. Accordingly, the Court accepts Defendant's denial that he entered the Volkswagen's Easy Drive system through a computer program. To the extent Defendant does not intend to deny that he entered the Volkswagen's Easy Drive system through a computer program he must amend his denials. The Court further accepts that Defendant accessed the VW "hub."

4. **Request Nos. 15-23**. Defendant objects to each of these Requests for Admission on the grounds that the term "Dealer Cash" is vague. The parties are ORDERED to agree upon a definition of the term "Dealer Cash," which might be any compensation received from the

"Drive Easy" program. With respect to Defendant's alleged inability to respond to statements concerning amounts, Defendant is reminded that he must "make a reasonable inquiry" to respond to a Request, and if he cannot admit or deny, he must affirm that "the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny. Fed. R. Civ. P. 36(a)(4).

On the whole, the Court finds that Defendant's responses do not reflect a good faith effort to respond to Plaintiff's Requests for Admissions. Defendant is ORDERED to comply with this order and serve supplemental responses within one week from the entry of this order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: March 12, 2020
New York, New York