UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
  TEDDY VOLKSWAGEN OF THE BRONX, LLC,

                              **Case No.:** 1:19-cv-2337 (AJN) (SN)

            Plaintiff,

    -against-

PHILLIP DEMERSKY,

           Defendant.
------------------------------------------------------------------X

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS FOR DEFENDANT'S SOLE COUNTERCLAIM AGAINST PLAINTIFF FOR ABUSE OF PROCESS

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*

i

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 1

**ARGUMENT** ........................................................................................................................ 2

**DEFENDANT'S ARGUMENTS AGAINST DISMISSAL ARE UNAVAILING** ............ 2

**THE EVENTS AFTER FILING THE COMPLAINT DO NOT RISE TO ABUSE OF PROCESS** ............................................................................................................................... 6

**DEFENDANT'S COUNTERCALIM FAILS TO ALLEGE ANY COLLATERAL OBJECTIVE** ........................................................................................................................... 8

**CONCLUSION** .................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

Ann—Margret v. High Soc. Magazine, Inc.,
    498 F. Supp. 401 (S.D.N.Y. 1980) ............................................................................... 10

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ................................................................................................ 1, 11

Assoun v. Assoun,
    No. 14-CIV.-1368 (PAC), 2015 U.S. Dist. LEXIS 1506 (S.D.N.Y. Jan. 6, 2015) ............. 7

Bd. of Educ. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Assn.,
Local 1889, AFT AFL-CIO,
    38 N.Y.2d 397 (1975) ............................................................................................ 9 n. 5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................................ 1, 11

Bey v. City of New York,
    No. 99-CIV.-3876 (LMM) (RLE), 2010 U.S. Dist. LEXIS 99645 (S.D.N.Y. Sep. 20,
    2010) ................................................................................................................................ 8

Bravin v. Mount Sinai Med. Ctr.,
    186 F.R.D. 293 (S.D.N.Y. 1999) ....................................................................................... 7

Cook v. Sheldon,
    41 F.3d 73 (2d Cir. 1994) .................................................................................................. 2

De Santis v. City of New York,
    No. 10-CIV.-3508 (NRB), 2011 WL 4005331 (S.D.N.Y. Aug. 29, 2011) ......................... 9

ED Capital, LLC v. Bloomfield Inv. Resources Corp.,
    No. 15-CIV.-9056 (VM), 2018 WL 1779379 (S.D.N.Y. Apr. 3, 2018) ............................. 4

ED Capital, LLC v. Bloomfield Inv. Resources Corp.,
    757 Fed. Appx. 26 (2d Cir. 2018) ...................................................................................... 4

Elek v Inc. Vil. of Monroe,
    815 F. Supp. 2d 801 (S.D.N.Y. 2011) ................................................................................ 9

Gilman v. Marsh McLennan Companies, Inc.,
    868 F. Supp. 2d 118 (S.D.N.Y. 2012) ............................................................................ 8, 9

Gust, Inc. v AlphaCap Ventures, LLC,
    No. 15-CIV.-6192 (DLC), 2016 WL 4098544 (S.D.N.Y. Jul. 28, 2016) ........................... 6

Hogan v. County of Lewis, N.Y.,
    No. 7:11-CIV.-754 (LEK) (ATB), 2015 WL 1400496 (N.D.N.Y. Mar. 26, 2015)............ 5

Jean-Joseph v. Walgreens, Inc.,
    No. 10-CIV.-4635 (SLT) (VPP), 2011 U.S. Dist. LEXIS 121906 (E.D.N.Y. Oct. 21,
    2011) ........................................................................................................................ 7

Lesser v. TD Bank, N.A.,
    No. 18-CIV.-9922 (PAE) (GWG), 2020 WL 1943050 (S.D.N.Y. Apr. 23, 2020)............. 5

Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.,
    797 F.3d 160 (2d Cir. 2015)..................................................................................... 6 n. 4

Okudinani v. Rose,
    779 Fed. Appx. 768 (2d Cir. 2019).................................................................................. 5

Orellana v. Macy's Retail Holdings, Inc.,
    No. 17-CIV.-5192 (NRB), 2018 WL 3368716 (S.D.N.Y. July 10, 2018).......................... 9

Orellana v. Macy's Retail Holdings, Inc.,
    No. 17-CIV.-5192 (NRB), 2019 WL 6334925 (S.D.N.Y. Oct. 22, 2019).......................... 9

McKnight v Vasile,
    No. 11-CIV.-6328P, 2017 WL 1176051 (W.D.N.Y. Mar. 30, 2017)................................. 9

Marcano v City of Schenectady,
    38 F. Supp. 3d 238 (N.D.N.Y. 2014)................................................................................ 4

Metals v. Firemen's Ins. Co. of Newark, N J.,
    839 F.2d 42 (2d Cir. 1988)........................................................................................ 4, 10

Miles v. City of Hartford,
    445 Fed. Appx. 379 (2d Cir. 2011).................................................................................. 7

Parkin v. Cornell University, Inc.,
    78 N.Y.2d 523 (1991) .......................................................................................... 8, 9, 9 n.5

Perry v. Manocherian,
    675 F. Supp. 1417 (S.D.N.Y. 1987)............................................................................... 10

Ross v. Port Chester Hous. Auth.,
    No. 17-CIV.-4770 (NSR), 2019 WL 4738941 (S.D.N.Y. Sep. 27, 2019)...................... 2, 7

Sacks v. Stecker,
    60 F.2d 73 (2d Cir. 1932)................................................................................................ 7

Samsung Display Co., Ltd. v Acacia Research Corp.,
    No. 14-CIV.-1353 (JPO), 2014 WL 6791603 (S.D.N.Y. Dec. 3, 2014) ............................. 4

Williams v. Williams,
    23 N.Y.2d 592 (1969) ....................................................................................................... 10

Zdenek Mcirek v. Old Navy (Apparel) Inc.,
    348 F. Supp. 2d 275 (S.D.N.Y. 2004) ............................................................................... 7

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................... 5, 8

**PRELIMINARY STATEMENT**

Plaintiff Teddy Volkswagen of the Bronx, LLC (hereinafter the "Plaintiff") submits this reply memorandum of law in further support of its motion for judgment on the pleadings on the ground that the Defendant Phillip Demersky's (hereinafter the "Defendant") counterclaim for abuse of process fails to state a claim for relief.

Defendant's counterclaim must be dismissed for four (4) distinct reasons. First, Defendant failed to plead factual allegations sufficient to satisfy the Iqbal and Twombly standard.

Second, even if the Defendant did plead factual allegations in support of his counterclaim for abuse of process (which he did not), it must nonetheless be dismissed both because no such claim may be had for filing a lawsuit.

Third, a collateral objective *is* required to state a claim for abuse of process and Defendant is wrong to argue otherwise based on longstanding precedent.

Fourth, Defendant failed to plead, as required to state a claim for abuse of process, that Plaintiff had some cognizable collateral objective to filing the instant case against him. Indeed, other than to recover the monies Defendant unlawfully stole from it, which does not rise to a collateral objective, there is no collateral objective whatsoever.

Perhaps creatively, though with no authority supporting his position, Defendant argues that every single event in this litigation beyond the serving and filing of the summons and complaint constitutes an abuse of process. As set forth further below, this argument is meritless.

Further, in opposing the instant motion concerning his counterclaim, Defendant focuses on the purported lack of evidence in Plaintiff's possession concerning its claims against him. However, this is entirely irrelevant to whether Defendant properly pled his counterclaim, which is the issue to be decided by this motion.

1

For the foregoing reasons, those set forth in Plaintiff's moving papers, and those discussed further below, this Court should reject Defendant's arguments in opposition and dismiss his counterclaim for abuse of process.

## ARGUMENT

### DEFENDANT'S ARGUMENTS AGAINST DISMISSAL ARE UNAVAILING

A cause of action for abuse of process lies against a party who (1) employs regularly issued legal process to *compel performance or forbearance of some act* (2) with intent to do *harm without excuse or justification*, and (3) in order to obtain a *collateral objective that is outside the legitimate ends of the process*. See Ross v. Port Chester Hous. Auth., No. 17-CIV.-4770 (NSR), 2019 WL 4738941, at *5 (S.D.N.Y. Sep. 27, 2019) (emphasis added) (citing Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994)).

Defendant's counterclaim, as pled, does not shine any light on what, specifically, Plaintiff sought to compel Defendant to do or forebear from doing. Further, the only harm Defendant points to is his defense costs without explaining why there is no excuse or justification for the filing of the lawsuit. Crucially, he fails to set forth any collateral objective outside the legitimate ends of the process which Plaintiff purportedly seeks to achieve. As such, Defendant's answer with counterclaim fails to state a claim for abuse of process, and the counterclaim must be dismissed.

In opposition to the instant motion, Defendant argues that the allegations in his pleadings are sufficient to state a claim for abuse of process because he is not required to allege with specificity the exact nature of Plaintiff's alleged improper motives or the detriment that would "naturally follow" Plaintiff's pursuit of its claims. See Docket Entry 56 at 9. He argues that the two-paragraphs' worth of allegations in his pleadings are sufficient to state a claim for abuse of process and that he need not provide "detailed factual allegations." See Docket Entry 56 at 3.

The problem with Defendant's argument is that his answer with counterclaim does not provide *any* factual allegations at all!  Defendant merely alleges in his complaint that "**Plaintiff initiated the instant action** to cause Defendant to compel Plaint [*sic*] to forgo [*sic*] his legal rights as having been an employee at will and compel Defendant to cease and desist from lawful conduct concerning his subsequent employment; infringe on his right to contract and perform lawful duties concerning subsequent employment; and otherwise infringe on Plaintiff's civil rights;" and "Plaintiff's motivation was to harm Defendant economically and socially without justification and seeking an improper collateral benefit and cause Plaintiff detriment which are [*sic*] outside the legitimate ends of appropriate use of process." See Kataev Decl. at ¶ 4, Ex. B (emphasis added).

There is no factual content whatsoever in these two (2) lone paragraphs of allegations underneath the "COUNTERCLAIMS" portion of Defendant's pleadings.  The paucity of even the barest factual allegations leaves Plaintiff and the Court to divine what Defendant is actually alleging; a circumstance that is particularly ripe for dismissal of the counterclaim.

In that regard, Defendant's reliance on the proposition that a party must only allege non-conclusory facts which are sufficient to nudge its claims across the line from conceivable to plausible to satisfy pleading requirements is similarly jarring; other than the fact that Plaintiff filed a lawsuit, no other non-conclusory fact can be gleamed from Defendant's allegations in his pleadings.  There is therefore no sufficient basis upon which Defendant can state a claim for relief against Plaintiff for abuse of process.  Indeed, Plaintiff's lawsuit can in no way cause Defendant to forego any of his rights, cease or desist from any conduct concerning his subsequent employment,[1] or infringe on his right to contract, perform lawful duties, or on his civil rights.

---

[1] Defendant testified his deposition that he continues to remain employed with a dealership that subsequently employed him and Defendant did not claim that the Plaintiff interfered with that relationship in any way.

3

Defendant also argues that Plaintiff's lawsuit caused him to incur unnecessary expenses to defend the claims against him. In support of his argument, he asserts that the claims against him are a perversion of the legal process and that every action Plaintiff took in furtherance of this litigation amounts to an abuse of process. However, litigation expenses alone are insufficient to establish damages for an abuse of process claim.

Indeed, numerous courts have uniformly rejected the Defendant's argument on this point. See Metals v. Firemen's Ins. Co. of Newark, N J., 839 F.2d 42 (2d Cir. 1988) (finding no abuse of process where the defendant merely filed a counterclaim *with the intent that the plaintiff expend money in defending the claim*) (emphasis added); Samsung Display Co., Ltd. v Acacia Research Corp., No. 14-CIV.-1353 (JPO), 2014 WL 6791603, at *7 (S.D.N.Y. Dec. 3, 2014) ("Again, *the Complaint contains no allegation* that Acacia's affiliates *did anything more than initiate civil actions by summons and complaint*. SDC therefore fails to state a claim for abuse of process") (emphasis added); ED Capital, LLC v. Bloomfield Inv. Resources Corp., No. 15-CIV.-9056 (VM), 2018 WL 1779379, at *8-9 (S.D.N.Y. Apr. 3, 2018), affd, 757 Fed. Appx. 26 (2d Cir. 2018) ("One of the elements of an abuse-of-process claim under New York law is an intent to do harm without excuse or justification. … Whether or not Bloomfield intended to harm ED Capital, ED Capital itself alleges that Bloomfield's excuse or justification was to ensure the return of its $25 million investment. *Because Bloomfield's alleged motive in bringing the Dutch Action*—according to ED Capital—*was profit-related*, ED Capital's *claims for abuse of process … are dismissed*") (internal quotations omitted) (emphasis added); Marcano v City of Schenectady, 38 F. Supp. 3d 238, 261 (N.D.N.Y. 2014) ("Plaintiff has presented no evidence upon which a reasonable fact finder could conclude that [the officers] issued criminal complaints against Plaintiff to obtain a collateral objective outside the legitimate ends of the process. Plaintiff's arguments to the contrary consist

of conclusory, nonspecific recitations of the required elements of the claim, and fail to identify any factual support for the proposition that the defendants harbored any ulterior motive in their actions… Accordingly, all abuse of process claims are dismissed"); Hogan v. County of Lewis, N.Y., No. 7:11-CIV.-754 (LEK) (ATB), 2015 WL 1400496, at *19 (N.D.N.Y. Mar. 26, 2015), affd sub nom. Okudinani v. Rose, 779 Fed. Appx. 768 (2d Cir. 2019) (holding that the plaintiffs there have failed to show that the defendants abused legal process against plaintiff subsequent to his arrest even where the plaintiff alleged that (i) the plaintiff was handcuffed so tightly that he suffered a broken wrist; (ii) a defendant stated at the time of arrest "if I was you, I would sell the cabin and go somewhere else," which was, in substance, repeated thereafter by other defendants; (iii) the defendants issued a press release in the local newspaper stating that plaintiff had been arrested;[2] (iv) the defendants continued to "press baseless charges;"[3] and (v) the defendants refused to issue process against others).

Here, Defendant's answer with counterclaim does not allege any of the foregoing facts (all of which were not enough to establish a claim for abuse of process in any event), and Defendant's brief in opposition cannot serve to amend his pleadings. See Lesser v. TD Bank, N.A., No. 18-CIV.-9922 (PAE) (GWG), 2020 WL 1943050, at *11 (S.D.N.Y. Apr. 23, 2020) ("It is a well-settled rule that [f]actual allegations contained in legal briefs or memoranda are [ ] treated as matters outside the pleading for purposes of Rule 12(b), and, therefore, cannot be considered by the Court at the motion to dismiss stage") (internal quotations omitted).

---

[2] Notably, there is no allegation here – nor is it true – that Plaintiff publicized this lawsuit against Defendant.

[3] This allegation is strikingly similar to Defendant's characterization of Plaintiff's very serious allegations against the Defendant.

5

Indeed, Defendant does not even move within his papers to amend his pleadings and, as further set forth below, has waived his right to do so for failing to follow this Court's Individual Practices in Civil Cases. Accordingly, Defendant's counterclaim must be dismissed for failure to state a claim upon which relief can be granted

**THE EVENTS AFTER FILING THE COMPLAINT DO NOT RISE TO ABUSE OF PROCESS**

Defendant argues that the events following the filing of the summons and complaint constitute abuse of process and excuses his failure to plead any such events as impossible to foresee at the time he responded to the summons and complaint. This argument fails for several reasons.

First, Defendant effectively concedes that the filing of the summons and complaint is insufficient as a matter of law to state a claim for abuse of process. However, he argues out of both sides of his mouth in asserting that his counterclaim is "well supported by the law as it sufficiently alleges not just an abuse of process *ab initio*, but throughout Plaintiff's pursuit of its … claims." See Docket Entry 56 at 2; see also Gust, Inc. v AlphaCap Ventures, LLC, No. 15-CIV.-6192 (DLC), 2016 WL 4098544, at *6 (S.D.N.Y. Jul. 28, 2016) ("Initiating a civil action, without more, is insufficient to sustain an abuse of process claim").

Second, Defendant failed to follow § 3(F) of this Court's Individual Practices in Civil Cases (hereinafter "Practices")[4] to exercise his right to amend the complaint in light of the instant motion to dismiss and has thus waived his right to do so.

---

[4] The Practices provide: "When a motion to dismiss is filed, the non-moving party must, within 10 days of receipt of the motion, notify the Court and its adversary in writing whether (i) it intends to file an amended pleading and when it will do so, or (ii) it will rely on the pleading being attacked. Non-moving parties are on notice that declining to amend their pleadings to timely respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC., 797 F.3d 160, 190 (2d Cir. 2015) (leaving 'unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility')."

6

Since he failed to allege any perversion of the legal process after he was served with the complaint, his counterclaim must be dismissed. See Ross, 2019 WL 4738941, at *6 ("His failure to allege any perversion of the process after his arrest is fatal").

Third, though it is undisputed that an abuse of process claim may only be based on events subsequent to initiation of process, see Miles v. City of Hartford, 445 Fed. Appx. 379, 383 (2d Cir. 2011), as set forth above, Defendant fails to point to any events which constitute an abuse of process under the law that would be actionable; more importantly, he failed to amend his pleadings, and Plaintiff respectfully submits that doing so would be futile. See Jean-Joseph v. Walgreens, Inc., No. 10-CIV.-4635 (SLT) (VPP), 2011 U.S. Dist. LEXIS 121906, at *3 (E.D.N.Y. Oct. 21, 2011) (holding that a proposed amendment is futile if the proposed claim could not withstand a motion to dismiss on any basis); see also Bravin v. Mount Sinai Med. Ctr., 186 F.R.D. 293, 307 (S.D.N.Y. 1999) (same).

In this case, Defendant contends that Plaintiff engaged in abuse of process by: (i) repeatedly alleging that Defendant *stole* from the Plaintiff in its complaint and elsewhere in written submissions to the Court in this case; (ii) filing a motion for judgment on the pleadings at the close of discovery and doing so to multiply the proceedings; and (ii) engaging in "extensive" discovery.

However, none of the foregoing conduct in this case gives rise to a claim for abuse of process. Indeed, Plaintiff's allegations in this court proceeding are entitled to absolute immunity. See Sacks v. Stecker, 60 F.2d 73, 75 (2d Cir. 1932) ("By an almost unbroken line of authority …, a party who files a pleading or affidavit in a judicial proceeding has absolute immunity, though his statements are defamatory and malicious, if they relate to the subject of inquiry"); see also Assoun v. Assoun, No. 14-CIV.-1368 (PAC), 2015 U.S. Dist. LEXIS 1506, at *5 (S.D.N.Y. Jan. 6, 2015); Zdenek Mcirek v. Old Navy (Apparel) Inc., 348 F. Supp. 2d 275, 281 (S.D.N.Y. 2004).

7

With respect to discovery, virtually every discovery dispute raised by Plaintiff against Defendant was resolved in Plaintiff's favor, and Defendant has not complained of any abuses with respect to his requests for discovery.

As to the allegations in the complaint and assertions in motion papers, Defendant cites to no authority suggesting that such pleadings and submissions rise to create a claim for abuse of process. And as for the instant motion, Plaintiff respectfully submits that Rule 12(c) permits it to file the motion at any time after the pleadings are closed such as not to delay trial. See Fed. R. Civ. P. 12(c); see also Bey v. City of New York, No. 99-CIV.-3876 (LMM) (RLE), 2010 U.S. Dist. LEXIS 99645, at *12-13 (S.D.N.Y. Sep. 20, 2010) ("Under the terms of Rule 12(c), the Court finds that Defendants' motion is not untimely. ... The Court rejects Plaintiffs' contention that Defendants have not moved within such time as not to delay trial. ... The Court has not yet fixed a date for trial ... Furthermore, the Court notes that reaching the merits of Defendants' 12(c) motion serves the interest of judicial economy and may save the parties unnecessary time and expense which otherwise would be incurred during trial").

Accordingly, and as set forth in the myriad cases discussed herein, none of these post-initiation litigation events manifest into a claim for abuse of process. Defendant's counterclaim must thus be dismissed.

**DEFENDANT'S COUNTERCLAIM FAILS TO ALLEGE ANY COLLATERAL OBJECTIVE**

Defendant argues that a collateral objective need not be pled in his answer with counterclaim. In support, he cites to Gilman v. Marsh McLennan Companies, Inc., 868 F. Supp. 2d 118 (S.D.N.Y. 2012), which quotes Parkin v. Cornell University, Inc., 78 N.Y.2d 523 (1991), in its discussion of whether a collateral objective must be pled to state a claim for abuse of process. Defendant's reading of Gilman and Parkin is incorrect.

The Court in Gilman states both that the Second Circuit has required the pleading of a collateral objective post-Parkin, and that Judge Richard Sullivan has held that the *dicta* in Parkin does not alter this established law.

In fact, numerous courts have held that allegations concerning a collateral objective is required to state a claim for abuse of process. See Orellana v. Macy's Retail Holdings, Inc., No. 17-CIV.-5192 (NRB), 2018 WL 3368716, at *16 (S.D.N.Y. July 10, 2018), reconsideration denied, No. 17-CIV.-5192 (NRB), 2019 WL 6334925 (S.D.N.Y. Oct. 22, 2019) ("The traditional rule in New York has been that 'the pursuit of a collateral objective must occur after the process is issued; the mere act of issuing process does not give rise to a claim"); McKnight v Vasile, No. 11-CIV.-6328P, 2017 WL 1176051, at *29 (W.D.N.Y. Mar. 30, 2017); Elek v Inc. Vil. of Monroe, 815 F. Supp. 2d 801, 810 (S.D.N.Y. 2011) ("Plaintiff has failed to establish a claim for abuse of process, as the PSAC is completely devoid of any allegations concerning any 'collateral objective' that Defendants may have had in instituting criminal charges against Plaintiff. Plaintiff has plainly failed to plead the elements of this cause of action"); see also De Santis v. City of New York, No. 10-CIV.-3508 (NRB), 2011 WL 4005331, at *8 (S.D.N.Y. Aug. 29, 2011) ("Moreover, the requirement of a collateral objective is not met merely by showing a malicious motive; there must be an improper purpose for the use of process, i.e. something other than the purpose for which the law created it").

Based on the foregoing, the allegations in Defendant's answer with counterclaim are bereft of any cognizable collateral objective whatsoever.  It is clear from the pleadings that a collateral objective is absent and the claim is therefore required to be dismissed.

In opposition, Defendant argues that his counterclaim is not predicated solely on the issuance of process itself, i.e., the summons and complaint, but because Plaintiff's purported purpose in filing suit was to exact retribution, harm Defendant's personal and professional reputation (to diminish his future prospects), and by the legal expenses he incurred.[5]  Setting aside that these allegations are nowhere to be found in his pleadings, none of these conclusory allegations amount to a sufficient collateral objective under the law.

Numerous courts have held that the foregoing reasons are insufficient to sustain a claim for abuse of process.  See Williams v. Williams, 23 N.Y.2d 592, 596 (1969) (plaintiffs claim that an action was brought against him solely for the purpose of ruining his business reputation was insufficient to establish abuse of process); Perry v. Manocherian, 675 F. Supp. 1417, 1429 (S.D.N.Y. 1987) (holding that issuance of a summons and complaint, even if made with the intent to coerce settlement and create bad publicity for the defendant, does not constitute abuse of process); Ann—Margret v. High Soc. Magazine, Inc., 498 F. Supp. 401, 407 (S.D.N.Y. 1980) (holding that interference which results in a loss of business, injury to reputation, or expense arising from litigation does not constitute abuse of process); Metals, 839 F.2d 42 (finding no abuse of process where the defendant merely filed a counterclaim with the intent that the plaintiff expend money in defending the claim).  Defendant therefore fails to plead a collateral objective.

Thus, Defendant's argument that collateral objective need not be pled is simply wrong.  Courts require pleading of a collateral objective beyond what the lawsuit seeks to redress.

---

[5] Defendant cites to two (2) ancient cases, Parkin and Bd. of Educ. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 N.Y.2d 397 (1975), for the proposition that incurring legal expenses constitutes damages.  However, Defendant misses the mark.  In Parkin, the legal fees incurred were for the *prior* criminal proceeding that terminated in the plaintiff's favor, not for the actual lawsuit in which he claimed abuse of process, and there is no discussion of this subject in Farmingdale from Plaintiff's reading of the case.

This was not done here.  As such, under the pleading standards of Iqbal and Twombly, there is no conceivable basis upon which to conclude that Defendant states a claim for abuse of process.

## CONCLUSION

Based upon the fact that Defendant's pleading is woefully inadequate to allege any facts supporting Defendant's abuse of process counterclaim, including the complete lack of a collateral objective, Plaintiff respectfully submits that Defendant's arguments fail as a matter of law and the Court should thus issue an Order granting Plaintiff judgment on the pleadings for Defendant's counterclaim for abuse of process and for such other and further relief as the Court deems just and proper.  Plaintiff respectfully submits that this Court should conserve its judicial resources for cases where a party has taken greater care to plead a cognizable claim.  Defendant's failure to do so has made the Court's task easy here.

Dated:  Lake Success, New York
        May 26, 2020

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By:  /s   Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*

**VIA ECF**
Ranni Law Firm
Attn: Joseph J. Ranni, Esq.
148 North Main Street
Florida, NY 10921-1101
joeranni@rannilaw.com

11