USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Teddy Volkswagen of the Bronx, LLC,

                Plaintiff,

    –v–

Phillip Demersky,

                Defendant.

19-cv-2337 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Teddy Volkswagen of the Bronx, LLC (the Dealership) brings this action against its former employee, Phillip Demersky, for purported misappropriation of its funds. Defendant has filed a counterclaim for abuse of process, a tort under New York law. The Dealership has moved for judgment on the pleadings as to this counterclaim. For the reasons that follow, Plaintiff's motion is GRANTED.

## I. BACKGROUND

    Plaintiff Teddy Volkswagen of the Bronx, LLC owns and operates a car dealership in the Bronx. Complaint, Dkt. No. 1, ¶ 6. The Defendant, Phillip Demersky, was "employed by the Plaintiff as a general manager" until about July 2018. *Id.* ¶ 7. The Dealership alleges that after Demersky left its employ, it discovered that he had been involved in a slew of fraudulent practices resulting in the misappropriation of its funds. For example, Plaintiff claims that "the Dealership uncovered approximately fifty (50) vehicle purchases in which maintenance contracts were sold but were never 'booked in' to the deal, resulting in the customer's receipt of a benefit for which the Dealership received no compensation for." *Id.* ¶ 9. The improper sale of these contracts damaged Plaintiff twice-over—the Dealership never received any compensation for the

contract in the first place, and it now has to perform and fulfill these customers' maintenance requests anyway. *Id.* ¶ 11. Plaintiff also alleges that Defendant logged onto its "computer system without authorization after his separation from employment" and directed the deposit of "Dealer Cash" into an "account other than the Dealership's." *Id.* ¶¶ 12–14. And the Dealership alleges that Defendant "paid bills for his father's body shop through the Dealership by submitting invoices for work that was never performed on behalf of the Dealership." *Id.* ¶¶ 15–16.

The Dealership thus filed this case in March 2019 and brought four claims against Defendant. Dkt. No. 1. It alleges that Defendant violated the Computer Fraud and Abuse Act, a federal statute. Compl. ¶¶ 18–23; *see* 18 U.S.C. § 1030, *et seq.* And the Dealership alleges three violations of New York State law: breach of fiduciary duty, breach of the duty of loyalty, and breach of the faithless-servant doctrine. Compl. ¶¶ 24–41.

In July 2019, the Defendant filed an answer denying these allegations. Answer, Dkt. No. 10, ¶¶ 8–23. Defendant also brought a counterclaim for abuse of process, alleging among other things that "Plaintiff initiated the within action and issued process to compel Plaint [*sic*] to forgo his legal rights . . . ." *Id.* ¶¶ 42–44. The next month, the Court held an initial pretrial conference under Federal Rule 16 and set the parties on a discovery schedule. *See* Dkt. No. 20. The Court held an additional status conference in January 2020 and extended discovery. *See* Dkt. No. 29. Magistrate Judge Netburn, to whom this case was referred for general pretrial management, subsequently extended discovery again. *See* Dkt. No. 48. Discovery is now closed.

In February 2020, Plaintiff filed a motion for judgment on the pleadings as to Defendant's counterclaim for abuse of process. Dkt. No. 33. That motion is now before the Court.

**II.   LEGAL STANDARD**

Federal Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a district court must "employ the same standard applicable to Rule 12(b)(6) motions to dismiss, accepting all factual allegations in the [moving party's pleading] as true and drawing all reasonable inferences in the nonmoving party's favor." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015) (internal quotation marks omitted). Therefore, to survive a motion pursuant to Rule 12(c), a complaint or counterclaim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

**III.   PLAINTIFF'S MOTION IS GRANTED**

Abuse of process is a tort under New York State law. To state a claim for this tort, a plaintiff must plausibly allege that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994); *Manhattan Enter. Grp., LLC v. Higgins*, No. 18-cv-6396 (VSB), 2019 WL 4601524, at *3 (S.D.N.Y. Sept. 22, 2019), *aff'd*, 2020 WL 2836373 (summary order) (2d Cir. June 1, 2020).

Even drawing all inferences favorable to Defendant, Plaintiff is entitled to judgment on the pleadings for several, independent reasons. To begin, Defendant has failed to plausibly allege that Plaintiff issued legal process "*to compel performance or forbearance of some act*." *O'Bradovich v. Vill. of Tuckahoe*, 325 F. Supp. 2d 413, 434 (S.D.N.Y. 2004) (emphasis added).

3

"To make out the first element [of this tort], a plaintiff must allege that the process unlawfully interfered with the plaintiff's person or property." *Samsung Display Co. v. Acacia Research Corp.*, No. 14-cv-1353 (JPO), 2014 WL 6791603, at *6 (S.D.N.Y. Dec. 3, 2014).  Even accepting them as true, Defendant's threadbare allegations fail to satisfy this standard.  Defendant avers that the Dealership filed this case "to cause Defendant to compel [the Dealership] to forgo his legal rights as having been an employee at will . . . ."  Answer ¶ 42.  This allegation is a non-sequitur.  It is entirely unclear how the Dealership's filing of this case and its largely state-law causes of action would cause *the Defendant*, its former employee, to compel the Dealership to do anything.  Construing this sentence liberally, Defendant alleges that the lawsuit will cause him to "forgo his legal rights as having been an employee at will." *Id.*  But Defendant's continued employment at the Dealership is not at issue here—it is undisputed that he is no longer employed, Answer ¶ 7 (admitting that Defendant was employed only until July 2018)—nor does Defendant specify what other legal rights could be forgone.  Similarly, Defendant's conclusory allegation that the lawsuit will "infringe on his right to contract" and "perform lawful duties concerning subsequent employment," Answer ¶ 42, plainly does not follow from the substance of the Dealership's claims, which concerns purported misappropriation of funds while he was an employee.  *See Hayden*, 594 F.3d at 160–61.

Next, it is well-established under New York law that "the institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano v. Suozzi*, 63 N.Y.2d 113, 114 (1984); *see also Riddell Sports Inc. v. Brooks*, 872 F. Supp. 73, 79 (S.D.N.Y. 1995) (collecting cases); *Alexsey v. Kelly*, 614 N.Y.S.2d 734, 735–36 (2d Dep't 1994) ("[T]he mere commencement of a judicial proceeding does not constitute abuse of process."); *Higgins*, 2019 WL 4601524, at *4 (collecting cases).  Yet many of Defendant's arguments boil

4

down to gripes with Plaintiff's filing and prosecution of the litigation itself. *See, e.g.*, Defendant Br., Dkt. No. 56, at 9 ("Plaintiff has repeatedly demonstrated bad faith in pursuing its meritless claims against Defendant, both by initiating legal process against him in a perversion of legitimate legal process . . . ."). And likewise, Defendant argues that the Dealership has caused "him to incur the unnecessary expenses associated with defending against Plaintiff's frivolous claims, extensive discovery, unnecessary motion practice, and other bad-faith perversions of legitimate legal process." *Id.* at 11. But Defendant points to *no case* applying New York law in which such allegations have been sufficient to state a claim of abuse of process; to the contrary, courts applying binding New York law have repeatedly, on a Rule 12 posture, rejected such allegations as insufficient. *See, e.g.*, *ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, No. 15-cv-9056 (VM), 2018 WL 1779379, at *9 (S.D.N.Y. Apr. 3, 2018), *aff'd*, 757 F. App'x 26 (2d Cir. 2018). The defense to purportedly frivolous litigation is generally to prevail in that litigation, not to seek a state-law tort remedy.

Defendant must also allege that the Dealership acted "with intent to do harm without excuse or justification . . . in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook*, 41 F.3d at 80. Defendant avers that "Plaintiff's motivation was to harm Defendant economically and socially without justification and seeking an improper collateral benefit and cause Plaintiff detriment which are outside the legitimate ends of appropriate use of process." Answer ¶ 44. However, this purported allegation is in fact a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," and thus fails to satisfy the Rule 12 pleading standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, Defendant points to his allegation that the lawsuit infringes on his ability to "perform lawful duties concerning subsequent employment."

Answer ¶ 42.  Again, this conclusory recitation is not well-pled, as nothing in the pleading, even drawing favorable inferences, supports it; for example, Defendant never avers *how* the Dealership's backward-looking lawsuit is designed to interfere with future employment.  Nor can Defendant's conclusory statement that "Plaintiff initiated the within action and issued process to . . . infringe on Plaintiff's civil rights," Answer ¶ 42, salvage his counterclaim.  Not only is this statement once again a legal conclusion couched as an allegation, *Twombly*, 550 U.S. at 555, but Defendant also proffers virtually no explanation for how this litigation—brought by a private actor and not implicating any constitutionally or statutorily protected groups—bears upon his civil rights.  *Accord Orellana v. Macy's Retail Holdings, Inc.*, No. 17-cv-5192 (NRB), 2018 WL 3368716, at *17 (S.D.N.Y. July 10, 2018), *reconsideration denied*, 2019 WL 6334925 (S.D.N.Y. Oct. 22, 2019) (holding that plaintiffs "have failed to state an actionable claim for abuse of process" because their complaint was bereft of any well-pled allegations regarding opposing party's collateral objective).

Defendant also spills much ink regarding the purported paucity of evidence supporting the Dealership's allegations against him.  In his opposition brief, Defendant repeatedly asserts that "Plaintiff has failed to produce any evidence to support" its claims. Def. Br. at 9; *see also id.* at 10 ("the record is thus far devoid of any facts which support Plaintiff's meritless allegations"), *id.* ("the available documentary evidence and sworn witness testimony clearly establish that Defendant performed his duties as instructed by Plaintiff, and that Plaintiff benefitted greatly as a result of Defendant's skill and experience as Plaintiff's general manager").  But on this Rule 12 motion for judgment on the *pleadings*, the Court constrains its review to Defendant's counterclaim.  If Defendant believed that Plaintiff had failed to put forward any evidence supporting its claims, then he should have moved for summary judgment—yet the

6

deadline for doing so has now passed, and neither side filed such a motion. Defendant cannot save his abuse-of-process claim by contending that, on this posture, the Court should hold that the evidentiary record entitles him to judgment.

Finally, the Court rejects Defendant's novel argument that the Dealership's motion for judgment on the pleadings itself constitutes an abuse of process. For example, Defendant argues that the Dealership "could have filed a motion to dismiss filed a motion to dismiss on the same grounds it purports to advance in the instant motion as early as May 16, 2019, after Defendant's Answer with Counterclaims was filed. Having elected not to make such a filing, Plaintiff dithered unjustifiably for near nine (9) months – two hundred and sixty-five days (265) days – before filing this Motion for Judgment on the Pleadings." Def. Br. at 10–11. Yet Defendant does not actually argue that the Dealership's motion is untimely or otherwise violative of Rule 12(c)'s requirements. *See* Fed. R. Civ. P. 12(c) (motions for judgments on the pleadings are timely only if they are brought "early enough not to delay trial"). And Defendant again points to no authority, let alone binding state-law authority, suggesting that such a timeliness argument could support an abuse-of-process claim. The Court thus also rejects this argument.

\* \* \*

In sum, even reading his counterclaim most favorably and taking all factual averments as true, Defendant's allegations are insufficient "to nudge [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *accord Sampsung Display Co.*, 2014 WL 6791603, at \*\*6–7 (dismissing an abuse-of-process claim on a Rule 12 motion because "the Complaint contains no allegation that [defendant's] affiliates did anything more than initiate civil actions by summons and complaint . . . [plaintiff] therefore fails to state a claim for abuse of process.").

IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings as to Defendant's counterclaim for abuse of process is GRANTED.  This resolves Dkt. No. 33.

As the Court noted, the deadline for the parties to file motions for summary judgment has now passed.  *See* Dkt. No. 59.  Within two weeks of the date of this Opinion, the parties are therefore directed to submit a joint letter, indicating (1) whether they believe further settlement discussions before the Magistrate Judge would be fruitful, (2) a proposed deadline to submit pretrial submissions, in accordance with the Undersigned's Individual Practices in Civil Cases Rule 6, and (3) proposed trial dates.


SO ORDERED.

Dated: November 1, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge