# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 2, 2021

**VIA ECF**
Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007-1312

> *Re:* **Teddy Volkswagen of the Bronx, LLC v. Phillip DemerskyCase No.: 1:19-cv-2337 (AJN) (SN)**
> **Our File No.: 141-2019**

Dear Judge Nathan:

Plaintiff with the consent of Defendant writes to respectfully: (i) request a one (1) week extension of time to submit certain required pretrial submissions in accordance with this Court's Individual Practices in Civil Cases (hereinafter the "Practices"); (ii) resolve a dispute the parties have regarding required pretrial submissions; and (iii) to advise the Court of a scheduling issue concerning the trial scheduled for Monday, June 28, 2021. Specifically, Plaintiff needs an extension of time to submit: (i) trial exhibits; and (ii)affidavits constituting the direct testimony of each trial witness consistent with ¶¶ 6(E) and 6(F)(iii)of the Practices. At this time, Defendant submits that no exhibit designations have occurred nor has Plaintiff exchanged Proposed Findings of Fact and Conclusions of Law such that Defendant can formulate what direct testimony may be necessary in Defendant's case in Chief. Plaintiff responds that its Proposed Findings of Fact & Conclusions of Law were timely and duly filed electronically via ECF on May 21, 2021.

With respect to the scheduling issue, Plaintiff's key witness, Paramjit Kalra, is able to appear on Monday, June 28, 2021 but is unable to appear for trial the following day due to a scheduled surgery for his father. As for the extension request, the reason the extension is sought is counsel needsmore time to complete the pretrial submissions and allow support staff sufficient time to prepare the trial binders. While Defendant consents, out of courtesy and professionalism, defense counsel notes Plaintiff's objection to Defendant's prior extension request which was contested yet Plaintiff was clearly unprepared at that time to move forward. Plaintiff respectfully disagrees with this characterization.

Pursuant to ¶ 1(D) of the Practices, the parties submit that: (i) the original deadline for pretrial submissions is June 4, 2021; (ii) there have been two (2) previous requests for an extension of the pretrial submission deadlines; (iii) thefirst request was granted by this Court while the second request was denied, with only a one (1) weekadjournment granted; and (iv) Defendant consents to the requested extension.

Further, as previously addressed, Plaintiff was unable to submit its Proposed Findings of Fact and Conclusions of Law in complete compliance with ¶ 6(F)(i), to the extent that citations to proffered trial testimony and exhibits are not present in the submission made. Plaintiff intends – with the Court's permission – to revise the Proposed Findings of Fact and Conclusions of Law and resubmit same if the instant letter motion is granted.

However, as set forth further below, the parties have a dispute concerning pretrial submissions. Defendant submits that, at present, Plaintiff has made no *prima facie* exchanges of affidavits, deposition designations, or proposed exhibits. Notably, Plaintiff has not made any submission though seeks Defendant to make such an exchange. It is correct the Defendant has failed to submit an affidavit constituting the direct testimony of at least one (1) witness: Philip Demersky ("Demersky") himself. It is the Defendant's position that until Plaintiff exchanges his *prima facie* designations, Demersky need not submit any affidavit pursuant to ¶ 6(F)(iii) of the Practices. Plaintiff respectfully submits that this is incorrect, and that Defendant must submit an affidavit in accordance with the Practices in order to permit Plaintiff to prepare for Demersky's cross-examination. As such, Defendant seeks Plaintiff to make initial *prima facie* designations, while Plaintiff respectfully seeks an Order requiring Defendant to prepare, file, and serve a direct examination affidavit pursuant to the Practices; barring same, Plaintiff respectfully requests an Order barring Demersky from testifying at trial.

Accordingly, Plaintiff respectfully submits that good cause exists warranting this Court's exercise of discretion in favor of granting the requested adjournment and extension of time. See Fed. R. Civ. P. 6(b)(1)(A). Plaintiff also respectfully requests that this Court issue an Order requiring Defendant's compliance with ¶ 6(F)(iii) of the Practices so that Plaintiff may properly prepare for trial. The parties thank this Court for its time and attention to this case.

Dated: Lake Success, New York  
June 2, 2021

Dated: Florida, New York  
June 2, 2021

**MILMAN LABUDA LAW GROUP PLLC**  
/s/ Emanuel Kataev, Esq.  
Attorney for Plaintiff  
Emanuel Kataev, Esq.  
3000 Marcus Avenue, Suite 3W8  
Lake Success, NY 11042-1073  
(516) 328-8899 (office)  
(516) 303-1395 (direct dial)  
(516) 328-0082 (facsimile)  
emanuel@mllaborlaw.com

**RANNI LAW FIRM**  
/s/ Joseph J. Ranni, Esq.  
Attorney for Defendant  
Joseph J. Ranni, Esq.  
148 North Main Street  
Florida, NY 10921  
(O) 845-651-0999  
(F) 845-651-5111  
joeranni@rannilaw.com  
cc antoinette@rannilaw.com