UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 TEDDY VOLKSWAGEN OF THE BRONX, LLC,

**Case No.:** 1:19-cv-2337 (AJN) (SN)

                Plaintiff,

    -against-

PHILLIP DEMERSKY,

                Defendant.
------------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*

**PRELIMINARY STATEMENT**

Plaintiff Teddy Volkswagen of the Bronx, LLC (hereinafter the "Plaintiff" or the "Dealership") submits this memorandum of law in opposition to Defendant Phillip Demersky's (hereinafter the "Defendant" or "Demersky") motion *in limine* to preclude Plaintiff from "asserting that Paramjit Kalra did not receive money from Drive Easy Program [*sic*] the same or similar to Defendant [*sic*] as Plaintiff refused to produce such relevant discovery despite demand of Paramjit Kalra receiving money with Drive Easy Program [*sic*] prior to January 2018" and to preclude Plaintiff from offering maintenance contracts for the fifty (50) contracts which Demersky failed to properly record in each deal (which caused Plaintiff substantial damages).[1]

Much like his contrived counterclaim which was dismissed by this Court, Defendant's motion *in limine* must be denied based on numerous procedural and substantive grounds.

First, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter "Local Civil Rules" or "LCR") require that all motions shall include a notice of motion, a memorandum of law setting forth the cases and other authorities relied upon in support of the motion, and supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion. Defendant's motion is bereft of any cases and other authorities supporting his position, and his motion must be denied on this procedural ground alone.

Second, preclusion of evidence is a harsh remedy and less drastic remedies are available.

---

[1] Defendant also: (i) reserved all rights "to object to any document based on authentication, foundation, hearsay or any other appropriate objection;" and (ii) objects to Plaintiff "offering any expert testimony in this matter as no expert was identified nor any discovery relating thereto exchange" [*sic*]. As to the former, Plaintiff submits that all such objections shall be resolved at trial before this Court. As to the latter, Plaintiff will not be offering any expert testimony in this simple case concerning Defendant's improper conduct.

1

Third, Defendant has failed to demand the maintenance contracts nor has he ever moved to compel Plaintiff to produce the maintenance contracts. Indeed, at a deposition in which Defendant demanded production of the maintenance contracts (to which Plaintiff requested that Defendant follow up in writing), Defendant failed to do so and never followed up in writing!

Fourth, Plaintiff has nonetheless produced the maintenance contracts in anticipation of trial, provided a document which summarizes the contracts, and offered Defendant an opportunity to examine a witness pursuant to Rule 30(b)(6) regarding the maintenance contracts. Defendant therefore suffers no prejudice in proceeding to trial with the maintenance contracts being offered into evidence.

Fifth, the maintenance contracts contain important evidence that go to the heart of the Plaintiff's claims against the Defendant and must not be precluded so as to permit this Court to determine the merits of Plaintiff's case.

Sixth, this is a bench trial in which this Court is the trier of fact. There is no jury that could be confused by the evidence offered, and this Court is well equipped to determine the facts in this case. The Court should therefore allow all relevant evidence in, including the contracts.

## **FACTS**

On March 15, 2019, this action was commenced against Defendant alleging violations of the Computer Fraud and Abuse Act ("CFAA") and related state law claims for breach of fiduciary duty, breach of duty of loyalty, and violation of the faithless servant doctrine under New York State law. See Docket Entry 1. There, Plaintiff alleges, in relevant part, that in the course of Defendant's duties as general manager for the Dealership (a position of trust), Defendant:

(i) issued maintenance contracts without receiving payment therefor nor ensuring every deal was properly accounted for;

(ii) misappropriated "Dealer Cash" by inappropriately logging in to Volkswagen's, i.e., the manufacturer's, system without authorization after his separation from employment with the Plaintiff; and

(iii) paid bills for a relative's body shop through the Dealership by submitting invoices for work that was never performed on behalf of the Dealership. Id. at ¶¶ 6-17.

During depositions of the Plaintiff's dealer principal Ted Bessen ("Bessen") and finance & insurance ("F&I") manager Paramjit Kalra ("Kalra"), Defendant demanded production of the maintenance contracts and Plaintiff asked Defendant to follow up in writing. See Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") ¶ 3, Exhibit "A." Defendant never did so.

On June 4, 2021, Plaintiff produced copies of the front and back of every deal jacket with relevant portions of the documents contained within related to maintenance contracts and/or warranties together with a spreadsheet summarizing the maintenance contracts. See Id. at ¶¶ 4.

Plaintiff also made the original deal jackets (and all papers within them) available for copying and inspection, and further offered Defendant an opportunity to examine a representative of Plaintiff pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") in advance of the trial to learn about the maintenance contracts and Defendant's failures which caused Plaintiff substantial damages. Id. at ¶¶ 5-6.

## STANDARD OF REVIEW

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." See Gorbea v. Verizon N.Y., Inc., No. 11-CV-3758 (KAM), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co., 937 F. Supp. 276, 283 (S.D.N.Y. 1996)).

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." See United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." See Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing Nat'l Union Fire Ins. Co., 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." See Luce, 469 U.S. at 41.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Federal Rule of Evidence ("FRE") 401. Evidence that is not relevant is not admissible. See FRE 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See FRE 403. District courts have broad discretion in making a determination on the admissibility of evidence. See United States v. Urso, No. 03-CIV.-1382, 2006 WL 681204, at *2 (E.D.N.Y. Mar. 16, 2006) (quoting Bickerstaff v. Vassar College, 196 F.3d 435, 449 (2d Cir. 1999)).

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." See Fed. R. Civ. P. 37(c)(1). "Preclusion of evidence … is a harsh remedy that should be imposed only in rare situations, and the court should proceed cautiously before imposing such severe sanctions." See United States v. N.Y. City Transit Auth., 2006 U.S. Dist. LEXIS 21110 (E.D.N.Y. 2006).

4

"Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes and must consider less drastic responses." See Outley v. City of New York, 837 F.2d 587, 591 (2nd Cir. 1988)).

In assessing whether preclusion is an appropriate remedy for a failure to provide discovery, courts consider the following factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness [or of the precluded evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony [or evidence]; and (4) the possibility of a continuance." See Id.; see also Jung v. Neschis, 2007 U.S. Dist. LEXIS 97173 (S.D.N.Y. Oct. 23, 2007).

Crucially, courts in this circuit recognize that preclusion of evidence pursuant to Rule 37 is a drastic remedy and should be exercised with discretion and caution." See Martinez v. Port Auth., 2005 U.S. Dist. LEXIS 19141, *42, 2005 WL 2143333 (S.D.N.Y. 2005).

**ARGUMENT**

**DEFENDANT'S MOTION TO PRECLUDE MAINTENANCE CONTRACTS MUST BE DENIED**

Defendant provides no basis upon which the maintenance contracts must be precluded. In fact, based on the allegations in the complaint, the maintenance contracts (and the deal jackets showing that there was a failure to book them into the cost of the deal) must be admitted into evidence in order to assess the validity of Plaintiff's claims. The deal jackets (and the documents within each deal jacket) are plainly relevant and need to be examined by the trier of fact. This Court should therefore exercise its broad discretion in denying Defendant's motion *in limine*.

To the extent that this Court finds that Plaintiff failed to produce the maintenance contracts earlier, Plaintiff respectfully submits that Defendant did not avail himself of any rights to compel their production, and cannot now claim any prejudice as a result of those failures.

Notwithstanding, an examination of the factors outlined in Outley, *supra*, militate in favor of denying Defendant's motion *in limine*. Each factor is addressed *seriatim* below.

First, there is no discovery Order requiring Plaintiff to produce the contracts; as such, Plaintiff has not engaged in any failure to comply.

Second, the maintenance contracts are crucial for the Court to understand how (and why) Defendant failed to carry out his duties as the general manager of the dealership. Indeed, the maintenance contracts, and Defendant's failure to book the cost of same in each deal, constitutes one of the three schemes Defendant engaged in to steal from the Plaintiff, and the instant scheme with the maintenance contracts caused Plaintiff substantial damages many times over.[2]

Third, Defendant cannot prove he suffers any prejudice by the production of the maintenance contracts Plaintiff made on June 4, 2021. As an initial matter, the fact that evidence is harmful to a particular party does not make the evidence unfairly prejudicial; relevant evidence will virtually always be harmful to the opposing party, this alone does not make it unfairly prejudicial. See Hart v. RCI Hospitality Holdings, Inc., 90 F. Supp. 3d 250 (S.D.N.Y. 2015) (citing Old Chief v. United States, 519 U.S. 172, 193 (1997) ("[T]he question under Rule 403 is one of 'unfair prejudice-not of prejudice alone"… "unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair'")).

---

[2] Defendant's willful failures had a cascading effect of damages. His actions were designed to show the dealership made a profit so he can earn more money based on his compensation plan. Upon information and belief, Demersky pocketed cash paid by customers for maintenance contracts. Plaintiff suffered a loss of good will when customers came to claim service offered under the maintenance contracts and confusion arose as to the existence of any such contract. Plaintiff lost out on the value of the maintenance contract. Plaintiff was required to honor the maintenance contract to keep the customer at its expense. Plaintiff also paid its employees higher commissions because of the failure to book the cost of the maintenance contract in the deal.

Plaintiff has not, and cannot, make any cognizable argument in support of the proposition that this evidence is unfairly prejudicial. Indeed, Defendant has sufficient time to review the documents produced in advance of the trial, has been provided with a summary of the evidence, and was even offered the opportunity to depose Plaintiff pursuant to Rule 30(b)(6) regarding the maintenance contracts. These facts conclusively eliminate any unfair prejudice to the extent it exists (which it does not). It also merits noting that Defendant failed to move for summary judgment in this case despite his argument that there is no documentary basis for the claims.

Fourth, Plaintiff respectfully submits that there is no need for a continuance, especially in light of Defendant's failure to seek an Order compelling Plaintiff to provide discovery he requested at a deposition and failed to follow up in writing on as requested.

**KALRA CANNOT BE PRECLUDED FROM TESTIFYING REGARDING DRIVE EASY**

Defendant quizzically seeks an Order precluding Kalra from testifying whether he received money from Volkswagen Drive Easy program which relates to warranties sold (as distinguished from maintenance contracts sold). For the reasons set forth below, this branch of Defendant's motion must be denied.[3] Warranties are sold and recorded in Volkswagen's Drive Easy program, while maintenance contracts are sold and recorded in Volkswagen's VW Hub program. Both programs are web-based applications which require separate usernames and passwords to log into. Volkswagen offers dealerships compensation for selling warranties and the Plaintiff decided to provide this compensation to its F&I Manager, Kalra. Demersky admitted at his deposition that he had no authority to make any change concerning who receives the Drive Easy compensation and denies making any such change. Notwithstanding, Demersky somehow received over $5,000.00 of Drive Easy compensation.

---

[3] All facts are supported by the deposition testimony in this case. See Kataev Decl. ¶ 7, Ex. B.

Plaintiff respectfully submits that Demersky inappropriately accessed Volkswagen's – not the Plaintiff's – computers to change the beneficiary of Drive Easy compensation to himself such that Kalra stopped receiving the Drive Easy compensation.  As a result, from January 2018 through September 2018, Demersky received the compensation from Volkswagen instead of Kalra, despite the fact Demersky resigned from employment in July 2018.  Plaintiff produced documents to Defendant establishing this.  The same documents show that, prior to January 2018, Kalra received the Drive Easy compensation and, to the extent it was produced, Kalra resumed receiving Drive Easy compensation in October 2018 after Plaintiff discovered Demersky's scheme and fixed the allocation such that Kalra began to receive the Drive Easy compensation again.

Kalra cannot be precluded from testifying as to these documented and incontrovertible events.  Accordingly, Defendant's motion *in limine* must be denied.

## DEFENDANT'S MOTION MUST BE DENIED ON PROCEDURAL GROUNDS

The Local Civil Rules provide that on all civil motions, a notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, except for letter-motions as permitted by Local Rule 7.1(d),[4] and unless otherwise provided by statute or rule, or by the Court in a Judge's Individual Practice or in a direction in a particular case.  See LCR 6.1.

The Local Civil Rules also provide that all motions shall include a notice of motion, a memorandum of law setting forth the cases and other authorities relied upon in support of the motion, and supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.  See LCR 7.1(a).

---

[4] Local Civil Rule 7.1(d) applies to applications for extensions, adjournments, applications for a pre-motion conference, and similar non-dispositive matters.

The Defendant's motion here fails to comply with the Local Civil Rules and must therefore be denied on this ground alone.

## **CONCLUSION**

Based upon the foregoing, Plaintiff respectfully submits that the Court deny Defendant's motion *in limine* in its entirety, and for such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Lake Success, New York
June 4, 2021

**MILMAN LABUDA LAW GROUP PLLC**

By: /s   Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*

**VIA ECF**
Ranni Law Firm
Attn: Joseph J. Ranni, Esq.
148 North Main Street
Florida, NY 10921-1101
joeranni@rannilaw.com