# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 23, 2022

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Alison J. Nathan, U.S.D.J.
40 Foley Square, Courtroom 906
New York, NY 10007-1312

    *Re:*   **Teddy Volkswagen of the Bronx, LLC v. Phillip Demersky**
              **Case No.: 1:19-cv-2337 (AJN) (SN)**
              **Our File No.: 141-2019**_____

Dear Judge Nathan:

This office represents the Plaintiff in the above-referenced case. Plaintiff Teddy Volkswagen of the Bronx, LLC (hereinafter "Plaintiff" or the "Dealership") writes pursuant to this Court's September 7, 2021 Order of discontinuance and the parties' executed Settlement Agreement & Release (the "Agreement") to respectfully, and regrettably, request judgment by confession against the Defendant Phillip Demersky (hereinafter "Defendant" or "Demersky") in the amount of $27,500.00 due to Defendant's abject failure to honor the Agreement.

**Relevant Factual Background and Procedural History**

On March 15, 2019, Plaintiff filed its complaint against Defendant arising out of various schemes Defendant engaged in to steal monies from the Plaintiff during the course of and after his employment with the Dealership ended.

Following protracted discovery and motion practice, and immediately before a trial was scheduled to occur, the parties were able to reach a settlement on all issues.

On July 21, 2021, Defendant signed the Agreement, which required him to pay the sum of $25,000.00 payable at $1,000.00 per month beginning on July 1, 2021. See ¶ 1(a) of the Agreement, annexed hereto with Defendant's executed and notarized counterpart as **Exhibit "A."**[1]

---

[1] Because the agreement is confidential by its terms (¶ 6), the parties did not file the agreement with the Court, nor made it part of the public record. This Court, as a result, held in a September 7, 2021 Order that it will not retain jurisdiction to enforce the Agreement unless its terms are made part of the public record. See Docket Entry 112. Plaintiff respectfully notes that the confidentiality provision of the Agreement is carved out to permit the parties to enforce the terms of the Agreement. As such, now that the Agreement is part of the public record, Plaintiff respectfully requests that this Court retain jurisdiction to enforce it.

The Agreement also provides that in the event that any of the settlement payments are not received by Plaintiff on the dates set forth in the Agreement, Plaintiff's counsel shall notify Defendant's counsel via email and – in the event Defendant fails to cure said late payment within five (5) business days from service of said notice – Defendant shall be held in default, rendering him liable for $37,500.00 less any monies theretofore paid by Defendant. See ¶ 7 of the Agreement.

The Agreement also provides that an affidavit of confession of judgment is appended to it, is incorporated by reference therein, shall be held in escrow by Plaintiff's counsel and not released unless there is a default under the Agreement and Defendant fails to cure within the time required. Id. The Agreement also provides, *inter alia*, that this Court shall retain jurisdiction to enforce the terms of the Agreement. Id. Although Plaintiff has paid $10,000.00 towards the Agreement, every single one of his payments were late. See copy of spreadsheet listing each payment's due date the amount, the date received,[2] and notes concerning how late each payment was made as of June 15, 2022 annexed hereto as **Exhibit "B."** In fact, the "earliest" payment Defendant ever made was twelve (12) days late. Despite this, Plaintiff has held off from issuing any notices of default.

However, Defendant's May 1, 2022 and June 1, 2022 payments are late and have not been paid to date despite Plaintiff's issuance of a notice of default on June 15, 2022. See copy of Plaintiff's notice of default pursuant to the Agreement annexed hereto as **Exhibit "C."** By the terms of the Agreement, Defendant had five (5) business days – until Wednesday, June 22, 2022 – to cure and has failed to do so.

Accordingly, Plaintiff respectfully requests judgment by confession in the amount of $27,500.00. See copy of executed and notarized confession of judgment annexed hereto as **Exhibit "D."** SO ORDERED

Plaintiff thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
      June 23, 2022                       Respectfully submitted,

                                                  **MILMAN LABUDA LAW GROUP PLLC**

                                                    */s/ Emanuel Kataev, Esq.*
                                                    Emanuel Kataev, Esq.
                                                    3000 Marcus Avenue, Suite 3W8
                                                    Lake Success, NY 11042-1073
                                                    (516) 328-8899 (office)
Sitting by Designation                          (516) 303-1395 (direct dial)
7/12/2022                                      (516) 328-0082 (facsimile)
                                                    emanuel@mllaborlaw.com

---

[2] The date received is based on the date the payment was deposited in Plaintiff's bank account; the actual date payment was received was never more than one to two (1-2) days prior.

**VIA ECF**
Ranni Law Firm
<u>Attn</u>: Joseph J. Ranni, Esq.
148 North Main Street
Florida, NY 10921-1101
joeranni@rannilaw.com

*Attorneys for Defendant*

# SETTLEMENT AGREEMENT & RELEASE

This is a Settlement Agreement and Release (hereinafter the "Agreement") between Teddy Volkswagen of the Bronx, LLC, its parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Company on the one hand (together, the "Company"), and Phillip Demersky (hereinafter the "Defendant" or "Demersky"), on the other hand. The Company and the Defendant may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, a dispute arose between the Parties related to the Defendant's employment with the Company and the terms and conditions thereof; and

**WHEREAS**, the Company has commenced a case against the Defendant in the United States District Court for the Southern District of New York (hereinafter the "Court") styled as Teddy Volkswagen of the Bronx, LLC v. Demersky, Case No.: 1:19-cv-2337 (AJN) (SN) (hereinafter the "Lawsuit"), alleging a claim under the Computer Fraud & Abuse Act (hereinafter "CFAA") and causes of action under the common law of the State of New York for breach of fiduciary duty, breach of duty of loyalty, and violation of the faithless servant doctrine (collectively with the CFAA claim together the "Claims");

**WHEREAS**, the Parties participated in a Court-Ordered settlement conference and reached a settlement as codified on the record and is incorporated by reference herein; and

**WHEREAS**, the Company and the Defendant desire to fully and finally resolve all differences between them.

**NOW THEREFORE**, in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties intending to be bound, do hereby agree as follows:

1. **Consideration.** In consideration for the Company's release of the Claims, the Defendant agrees to execute, comply with, and not revoke this agreement, and further pay the Company the total gross amount of Twenty Five Thousand and 00/100 Dollars ($25,000.00) ("Settlement Payment").

    a. The Settlement Payment to be paid by Defendant shall be made payable to Teddy Volkswagen of the Bronx, LLC in twenty-five (25) equal installments commencing on July 1, 2021 and every month thereafter until paid in full. Each payment is to be *received* on the first of the month.

    b. The Company agrees and affirm that the Settlement Payment shall constitute the entire amount of monetary consideration provided to it, and that the Company will not seek any further compensation for the Claims or any other claimed injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of the Defendant's relationship with the Company.

    c. Defendant also agrees, affirms, and acknowledges that he has been paid all wages and wage supplements and all other amounts owed to him for any reason by the Company.

2. **General Release of All Claims by the Company Against the Defendant.**

In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, the Company irrevocably and unconditionally fully and forever waives, releases, and discharges the Defendant from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of the Company's execution of this Agreement, including, without limitation, any claims under any federal, state, local, or foreign law, that the Company may have, have ever had, or may have in the future against Defendant, including but not limited to those arising out of, or in any way related to Defendant's hire, benefits, employment, termination, or separation from employment with the Company, and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not the Company has previously filed such a claim.

b. The Company further agrees and acknowledges that it is giving up any rights or claims which it may have against Defendant under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

(i) any and all claims under the faithless servant doctrine, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

(ii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iii) any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Plaintiffs' execution of this Agreement.

3. **General Release of All Claims by the Defendant Against the Company.**

a. In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Defendant, on behalf of his family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waives, releases, and discharges the Company, the Company's parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Company ("Releasees" or "Released Parties") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Defendant's execution of this Agreement, including, without limitation, any claims under any federal, state, local, or foreign law, that Releasors

may have, have ever had, or may have in the future against Releasees, including but not limited to those arising out of, or in any way related to Defendant's hire, benefits, employment, termination, or separation from employment with the Company, and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Defendant has previously filed such a claim.

  b. Defendant further agrees and acknowledges that Releasors are giving up any rights or claims which Releasors may have against Releasees under numerous laws and regulations, including but not limited to:

    (i) those regulating employment, whether on the federal, state, or local level

    (ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

    (iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress;

    (iv) any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Defendant's execution of this Agreement; and

    (v) Defendant specifically acknowledges that this Agreement is not one that occurs within the context of Rule 41 of the Federal Rules of Civil Procedure in accordance with the decision in Gaughan v. Rubinstein, No. 16-CIV.-8062 (PAE) (KHP), 2017 U.S. Dist. LEXIS 107042 (S.D.N.Y. Jul. 11, 2017). As such, should Defendant commence any action asserting a claim under the Fair Labor Standards Act ("FLSA") against the Company following the execution of this Agreement, either *pro se* or through counsel, Defendant agrees that this Agreement may be submitted in conjunction with the Company's motion to dismiss any such action on the grounds that a pre-litigation general release of all claims was made.

  c. <u>Specific Release of ADEA and OWBPA Claims</u>. In further consideration of the benefits provided to Defendant in this Agreement, including but not limited to the release of the Claims, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the date of Defendant's execution of this Agreement arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, Defendant hereby acknowledges and confirms that he: (i) has read this Agreement in its entirety and understands all of its terms; (ii) has been advised of and availed himself of his right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release and covenants contained herein; (iv) is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; (v) was given at least twenty-one (21) days to

consider the terms of this Agreement and consult with an attorney of his choice, although he may sign it sooner if desired; (vi) understands that he has seven (7) days from the date he signs this Agreement to revoke the release in this paragraph by delivering notice of revocation to Emanuel Kataev, Esq. at 3000 Marcus Avenue, Lake Success, NY 11042-1073 by overnight delivery before the end of such seven-day period; (vii) understands that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which he signs this Agreement; and (viii) in entering into this Agreement, agrees and acknowledges that he is not relying on any representation, promise, or inducement made by the Company or its attorneys with the exception of those promises described in this Agreement.

        d.      This release and waiver of claims shall not be construed to impair either Party's right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. Nor does this release prohibit or bar either Party from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement, Defendant agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Defendant's behalf, either individually or as part of a collective action, by any governmental agency or other third party.

        4.      **Non-Admission of Wrongdoing.** The Defendant denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, documents, or statements whatsoever by or on behalf of the Company. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by the Defendant of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, the Company's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever.

        5.      **Mutual Non-Disparagement.** The principal of the Company, Ted Bessen, and Defendant each agree that they shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to each other. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community, but will not preclude either Party from making truthful statements in the context of any judicial, administrative, arbitration, mediation, or other legal proceeding. Defendant acknowledges and affirms that the Company has no control over its employees in terms of any statements that they may make regarding Defendant.

        6.      **Confidentiality.** Each of the parties hereto hereby agrees that the terms of this Agreement and all communications between either party and its respective counsel regarding the same and any and all events, allegations, actions, and circumstances related this Agreement with the Company shall be kept strictly confidential and shall not be disclosed to anyone except (i) as reasonably

4

necessary to enforce the terms of this Agreement, (ii) to the parties' legal, financial, benefits, tax advisors, (iii) any Party's spouse, (iv) the Company's accounting staff; and/or (v) pursuant to compulsory legal process or court order.

7. **Default & Acceleration.** In the event that any of the Settlement Payments set forth in paragraph 1 of this Agreement are not received by Plaintiff by the dates set forth herein, or any check is dishonored, Plaintiff's counsel shall notify Defendant's counsel, Joseph J. Ranni, Esq at the Ranni Law Firm, via electronic mail to joeranni@rannilaw.com. In the event Defendant fails to cure said late payment or dishonor of any such check within five (5) business days from service of said notice together with any bank fees incurred, he shall be in default, rendering Defendant liable for Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) less any monies theretofore paid by Defendant (the "Default Amount") under this Agreement. Any language to the contrary in this Agreement notwithstanding, the Defendants shall only be entitled to a total of four (4) notices to cure during the entire course of the payment schedule, on the fifth default, the Defendant shall have no further right to any notice to cure, and default may be entered as set forth herein if another due date passes without timely payment being received or if any check is subsequently dishonored. An affidavit of confession of judgment is appended hereto as **Exhibit "A"** and is incorporated by reference herein, and shall be held in escrow by Plaintiff's counsel and not released unless there is a default under this Agreement and (i) Defendant fails to cure within the time period required or (ii) the five (5) notices to cure have previously been given. After consultation with counsel, Defendant agrees that this provision is not a penalty or forfeiture as a matter of substantive contract law under the laws of the State of New York, and warrants that no such argument will be made under any circumstances in the future. It is also understood that this default provision was a *sine qua non* for extending the Defendant's time to make payment hereunder, and Plaintiff insisted upon this provision to insure that the Settlement Payment is given sufficient priority among the Defendant's other financial obligations, to which Defendant acceded. Further, after consultation with counsel, Defendant agrees, covenants, and warrants that no argument will be made in opposition to the entry of judgment or in support of any application to vacate a judgment except (i) that Plaintiff's counsel failed to comply with the terms of this Agreement in entering such judgment, or (ii) that Plaintiff's counsel has not given Defendants the due credit they are entitled to under this Agreement for payments actually made before the alleged default occurred. Defendant has executed the Confession of Judgment appended to this Agreement but agrees that if any Court should refuse to enter or enforce the appended Confession of Judgment for any reason, that judgment may still be entered pursuant to this Agreement on the terms and conditions provided herein. Notwithstanding the foregoing, payment shall be a defense to any entry of judgment and Plaintiff agrees to file a satisfaction of judgment upon full payment within fourteen (14) business days upon receipt of payment in full. Further, this Court shall retain jurisdiction to enforce this Agreement.

8. **Severability and Modification**. If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is respectfully directed to do so. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

9. **Non-Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach. This Agreement shall be binding

upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns. The Company may assign this Agreement without notice in its sole discretion.

10. **Headings.** The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

11. **Multiple Counterparts.** This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument. Faxed and e-mailed scanned copies shall be effective and enforceable.

12. **Representation by Counsel and Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements, or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties. This Agreement shall survive the cessation or termination of any arrangements contained herein.

13. **Applicable Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

14. **Voluntary Agreement.** By signing in the space provided below, Defendant agrees and affirms that:

    a. This Agreement is legally binding, and by signing it, Defendant understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

    b. No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Defendant to enter into this Agreement, and Defendant has not been forced or pressured in any way to sign this Agreement; and

    c. Through this Agreement, Defendant is releasing all of the Releasees from any and all claims, including wage and hour claims, that he may have against the Company in exchange for the Settlement Payment described herein;

    d. Defendant knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

---

**Teddy Volkswagen of the Bronx, LLC**

By: _____  DATE: ____/____/____
   Ted Bessen
Its: Managing Member

---

6

*[signature]*
Phillip Demersky

DATE: 7/21/2021

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ORANGE  )

On the 21 day of July, 2021 before me personally appeared Phillip Demersky personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

JOSEPH J. RANNI
Notary Public State of New York
No. 02 RA 4909883
Qualified in Orange County
Commission Expires ~~July 30, 200_~~ 11/16/22

7

| Date Due | Amount | Date Received | Notes |
|---|---|---|---|
| 7/1/2021 | $ 1,000.00 | 8/1/2021 | Thirty-one (31) days late |
| 8/1/2021 | $ 1,000.00 | 8/25/2021 | Twenty-four (24) days late |
| 9/1/2021 | $ 1,000.00 | 9/13/2021 | Twelve (12) days late |
| 10/1/2021 | $ 1,000.00 | 11/18/2021 | Forty-eight (48) days late |
| 11/1/2021 | $ 1,000.00 | 12/14/2021 | Forty-three (43) days late |
| 12/1/2021 | $ 1,000.00 | 12/14/2021 | Thirteen (13) days late |
| 1/1/2022 | $ 1,000.00 | 1/21/2022 | Twenty (20) days late |
| 2/1/2022 | $ 1,000.00 | 3/7/2022 | Thirty-four (24) days late |
| 3/1/2022 | $ 1,000.00 | 4/12/2022 | Forty-two (42) days late |
| 4/1/2022 | $ 1,000.00 | 4/19/2022 | Eighteen (18) days late |
| 5/1/2022 | $ 1,000.00 | NOT RECEIVED | Forty-five (45) days late, and counting |
| 6/1/2022 | $ 1,000.00 | NOT RECEIVED | Fourteen (14) days late, and counting |
| 7/1/2022 | $ 1,000.00 | | |
| 8/1/2022 | $ 1,000.00 | | |
| 9/1/2022 | $ 1,000.00 | | |
| 10/1/2022 | $ 1,000.00 | | |
| 11/1/2022 | $ 1,000.00 | | |
| 12/1/2022 | $ 1,000.00 | | |
| 1/1/2023 | $ 1,000.00 | | |
| 2/1/2023 | $ 1,000.00 | | |
| 3/1/2023 | $ 1,000.00 | | |
| 4/1/2023 | $ 1,000.00 | | |
| 5/1/2023 | $ 1,000.00 | | |
| 6/1/2023 | $ 1,000.00 | | |
| 7/1/2023 | $ 1,000.00 | | |

| | |
|---|---|
| **From:** | Emanuel Kataev |
| **To:** | Joe Ranni |
| **Subject:** | Re: Teddy Volkswagen of the Bronx, LLC v. Demersky; Case No.: 1:19-cv-02337 (AJN) (SN). |
| **Date:** | Wednesday, June 15, 2022 5:03:00 PM |
| **Attachments:** | Defendant Demersky executed Settlement Agreement and release 072121.pdf |
| | 2022-06-15 Demersky Spreadsheet of Settlement Payments.pdf |

Mr. Ranni:

This office represents the Plaintiff in the above-referenced case.

I write in accordance with ¶ 7 of Defendant's executed counterpart to the attached Settlement Agreement & Release (hereinafter the "Agreement") to provide you notice that the Defendant has failed to make payments by the dates set forth in the Agreement.

Specifically, payment for the May 1, 2022 installment is currently forty-five (45) days late, and counting, and payment for the June 1, 2022 installment is currently fourteen (14) days late, and counting.

In the event your client fails to cure these breaches of the Agreement within five (5) business days, i.e., Wednesday, June 22, 2022, an application for a default pursuant to the Agreement and Defendant's executed confession of judgment shall be made to the Court consistent with the Agreement.

This is the first of four available notices of default under the Agreement.  I note, in addition, that your client's payment history in this case has been abhorrent, as set forth in the attached spreadsheet.  The same will be noted to the Court in Plaintiff's anticipated application next Wednesday absent a timely cure.

Be guided accordingly,

**Emanuel Kataev, Esq.**
**Associate**
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

This message and its attachments may contain confidential information that is legally privileged.  If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding, or saving of this message is strictly prohibited.  If you have received this email in error, please notify the sender immediately and delete the message and any attachment from your system.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TEDDY VOLKSWAGEN OF THE BRONX, LLC,

                Plaintiff,

      -against-

PHILLIP DEMERSKY,

                Defendant.
------------------------------------------------------------------X

Case No.: 1:19-cv-2337 (AJN) (SN)

**AFFIDAVIT OF**
**CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF ROCKLAND  )

Phillip Demersky, being duly sworn and over the age of 18 years, does depose and say:

1. I, Phillip Demersky, am of sound mind and make this affidavit in my own personal and individual capacity, and that I reside at 3 Harold Street, Nanuet, NY 10954.

2. The I hereby confess judgment, and authorize the entry of judgment by the Plaintiff against me in the sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), less any payments made prior to default, plus fifty percent (50%) as liquidated damages.

3. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement in the matter above-captioned which resolved certain claims made by Plaintiff, and my default in payment under the Settlement Agreement and Release which resolved the above-captioned case.

4. This confession of judgment may only be filed by Plaintiff upon an affidavit showing that a default occurred as set forth pursuant to the terms of the Settlement and Release Agreement resolving the action above captioned action, that notice to cure was provided pursuant to said Agreement, and such affidavit shall give the Defendant due credit for all payments made pursuant to the said Agreement prior to the default.

*[signature]*
By: Phillip Demersky

On the 26th day of July, 2021 before me personally appeared Phillip Demersky personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

*[signature]*
NOTARY PUBLIC

JOSEPH J. RANNI
Notary Public State of New York
No. 02 RA 4969883
Qualified in Orange County
Commission Expires ~~July 30, 290~~
11/16/22

2